JOHN PHILLIPS v. J. M. THRALLS.

1. JUSTICE OF THE PEACE, *Territorial Jurisdiction of.* A justice of the peace has no power to hold his court for the final trial of parties charged with criminal offenses outside the limits of the township of which he is a justice, and where he assumes to so act his proceedings are without jurisdiction, and void.

2. ———— Neither the consent nor the request of a defendant can give to a justice of the peace jurisdiction to hold his court outside the limits of his township.

*Original Proceedings in Habeas Corpus.*

PETITION for a writ of *habeas corpus,* filed in this court by *John Phillips* against *J. M. Thralls,* sheriff of Sumner county, December 8, 1881. The facts are sufficiently stated in the opinion.

*Sam. Berry,* for petitioner.

*Charles Willsie,* for respondent.

The opinion of the court was delivered by

BREWER, J.: This is an application for a writ of *habeas corpus.* The case is submitted to us on exception to the return of the respondent. These facts appear: The petitioner was arrested on a complaint filed with L. W. Chaddon, a justice of the peace in and for Wellington township, Summer county, charging a violation of the prohibitory law of last winter. Upon trial he was found guilty, and sentenced to pay a fine and costs, and committed to jail until their payment. As a matter of fact, the trial and all proceedings connected therewith, including the sentence, were had outside the limits of Wellington township, though within Sumner county; in other words, the justice of the peace, residing in and an officer of Wellington township, held his court and proceeded to trial and judgment in another township; and the single claim made is, that, because the justice so held his court outside the territorial limits of the township of which he was justice, all those proceedings are void. The majority of the court are of the

opinion that this claim must be sustained. While the writer of this opinion is inclined to think that a justice may hold his court anywhere within the county, yet his brethren believe that he cannot so act outside his township. Unquestionably, a judicial officer must exercise his jurisdiction within the territorial limits of that jurisdiction. This, as a general proposition, will not be questioned by anyone. Indeed, this is generally true of all officers, judicial or ministerial; their power to act is circumscribed by certain territorial limits, and action outside those limits binds no one. (*Morrell v. Ingle*, 23 Kas. 32; *Comm'rs of Marion Co. v. Barker*, 25 Kas. 258.) Bouvier, in his Law Dictionary, says: "The tract of land or district within which a judge or magistrate has jurisdiction is called his territory, and his power in relation to his territory is called his territorial jurisdiction. Every act of jurisdiction exercised by a judge without his territory, either by pronouncing sentence or carrying it into execution, is null." Now a justice of the peace is elected in and an officer of a township. (Constitution, art. 3, § 9; Comp. Laws 1879, ch. 110, § 4.) If this were all bearing upon this question, there would be no doubt but the statute in reference to both civil and criminal proceedings before justices of the peace gives them jurisdiction coëxtensive with their counties. This fact presents the difficulty; they unquestionably may take cognizance of cases arising anywhere within the county. Does this extending the limits of their territorial jurisdiction beyond the limits of the territory which elects, give them a right to hold court anywhere within the larger limit, or must the locality of the court be confined to the territory which elects and of which they are the officers? My brethren think the latter, and that in the absence of express statutory authority, a justice of the peace cannot hold his court outside the locality which elects him and of which he is an officer. Whatever the limits to which process may go out of his court, or whatever the extent of the territorial jurisdiction conferred upon him, he is an officer of the township; his court is a court of the township; and his court as a court has no valid existence

outside the limits of that township.   One purpose contempla-, ted in the organization of these courts was to have neighborhood courts, convenient to every individual for the settlement of minor disputes.   If one justice may move his court out of his township to any other place in the county, all may ; and we may have the spectacle of all the justices of all the townships in a county congregating in the county seat, and holding office there.   Thus would one of the beneficent purposes of these inferior courts be defeated.

In a single case, provision is made by statute for an adjournment of the place of holding court to any place in the county, and that is in the examination of persons charged with crime. (Cr. Code, § 45 ;)  but the very fact that this power is expressly given in the one case adds force to the argument that in all other cases, and without such special delegation of power, it does not exist, and that the justice can act alone within his township.   Authorities in a specific question of this kind would of course be rare.   We refer to the following, as throwing some light on the question : *Durfee v. Grinnell,* 69 Ill. 375 ; *People v. Keeler,* 25 Barb. 426 ; *Brandon v. Avery,* 22 N. Y. 470 ; *Foster v. McAdams,* 9 Tex. 542.

So far as any suggestions of consent or request on the part of defendant are made, that cuts no figure in the case ; for while consent may give jurisdiction of the person, yet it does not of the subject-matter; and if the court had no power to act outside of its township, the consent of the defendant would not make it a court, or give its act validity.   This disposes of the case, and avoids the necessity of reference to any other question discussed by counsel.   Indeed, whether the point presented by petitioner be correct, or not, it hardly presents a question which can be taken advantage of in this collateral way.   But for the reason above stated, the petitioner is improperly restrained from his liberty, and must therefore be discharged from custody.

The costs of this proceeding will be taxed against the defendant.

All the Justices concurring.