## MARTHA KRUEGER v. JAMES H. BECKHAM, *et al.*

1. ERRORS OF FACT, *Seldom Considered.* Questions with regard to the assignments of errors *of fact*, alleged to have been committed by a justice of the peace, discussed, and *held*, that such assignments of error can seldom if ever be considered.

2. CONFESSION OF JUDGMENT; *Waiver of Irregularity.* Where a justice of the peace left his office and went to the defendant's residence, which was in the same township, and there the defendant waived summons, confessed judgment, and swore to the necessary affidavit therefor, and the justice then returned to his office, where he made the proper entries of the proceedings, *held*, that such judgment is neither void nor voidable; that the defendant, when she waived the summons, confessed the judgment, etc., waived the irregularity of the justice's taking the confession of the judgment at a place other than his office.

*Error from Ellis District Court.*

THE opinion states the case.    Trial at the November Term, 1884, and judgment for the defendants *Beckham, Mercer & Co.*    The plaintiff *Krueger* brings the case here.

*J. G. Mohler*, for plaintiff in error.

*Nellis & Reeder*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: The record in this case shows that on February 1, 1884, a judgment for $300 was rendered by a justice of the peace of Ellis county in favor of James H. Beckham, Joseph W. Mercer and J. G. McKnight, partners as Beckham, Mercer & Co., and against Henry Krueger and Martha Krueger, upon a waiver of summons, a confession of judgment, and an affidavit of the defendants.   On February 7, 1884, Martha Krueger took the case to the district court of Ellis county on petition in error, making Beckham, Mercer & Co. parties defendant, but not making Henry Krueger, who was her husband, a party.   In her petition in error in the district court she alleged that there were errors of fact as follows:

"1.  There is error in fact in said record in stating that the said Martha Krueger appeared in person in said action before said justice of the peace and confessed judgment in said action.

"2.  There is error in fact in said record in stating that the said Martha Krueger waived service of summons and time in said action.

"3.  There is error in fact in said judgment, said judgment as a matter of fact being against said Martha Krueger and one Henry Krueger, when as a matter of fact said Martha Krueger was never, and is not now, indebted to said Beckham, Mercer & Co. in any sum whatever, nor did the said Martha Krueger in any way or manner become liable for the debt of said Henry Krueger to the said Beckham, Mercer & Co. in any manner whatsoever.

"4.  For other errors in fact in said proceedings to the detri-

26 — 35 KAS.

ment of said Martha Krueger, though not specificially alleged and set forth herein."

No errors of law were alleged or assigned. Upon the question as to whether any errors of fact had occurred, a trial was had before the district court without a jury, and oral evidence was introduced, and upon such evidence the court found generally in favor of the defendants, Beckham, Mercer & Co., and against the plaintiff, Martha Krueger, and rendered judgment accordingly, affirming the judgment of the justice of the peace; and of this judgment of the district court the plaintiff, Martha Krueger, now complains.

No objection was made or exception taken to any proceeding had or ruling made by or before the justice of the peace, nor was any objection made or exception taken by Mrs. Krueger to any proceeding had or ruling made in the district court, except that she excepted to the final rendering of the judgment by the district court. Nor was any motion made by Mrs. Krueger in the district court to reverse, vacate, modify or set aside the judgment, or any finding, order, ruling or proceeding of that court; nor was any motion made in either court for a new trial.

We do not think that the judgment of either court can be disturbed by this court. It is seldom if ever that a judgment or order of any court can be disturbed on petition in error, except for errors appearing upon the face of the record. It is seldom if ever that a judgment or order of any court can be disturbed on petition in error for mere errors of fact, and it never can be so disturbed for matters *dehors* the record which contradict the recitals of the record, and never for facts which merely go to make up or constitute or to prove or disprove or merely concern the plaintiff's cause of action or the defense thereto. Nor will a judgment rendered by a court of competent jurisdiction, having jurisdiction of both the parties and the subject-matter of the action, be disturbed on petition in error for irregularities occurring prior to the rendition of the judgment, where no objection was made or exception taken, although such ir-

1. Errors of fact, seldom considered.

regularities may be ever so great. And where a trial has been had upon issues presented by the parties to the court and evidence introduced to prove the same, the judgment will not be disturbed for any errors of law occurring at the trial, or for the reason that the decision is not sustained by sufficient evidence, unless a motion for a new trial has been duly made and overruled; and even where a motion for a new trial has been made and overruled, still the judgment will not be disturbed on the ground that the decision is against the evidence, where the preponderance of the evidence, as in this case, sustains the decision.

Under some of the authorities in other states, some judgments or orders of some courts may be disturbed for errors of fact, whether the facts appear upon the face of the record or not: provided that the facts to be proved must not contradict the record; and provided further, that they show only such irregularities as tend to thwart or contravene the due administration of justice, aside from matters concerning the plaintiff's cause of action or the defense thereto, and not such facts merely as have reference only to the plaintiff's cause of action or the defense thereto.

In this case the assignments of error cannot avail the plaintiff anything. The first three assignments of error tend to contradict the record; the third has reference merely to the cause of action set forth by the present defendants in error, plaintiffs in the justice's court, and Mrs. Krueger's defense thereto; and the fourth assignment of error is too general and indefinite to be considered as of any value. There is one question, however, upon which evidence was introduced in the court below, and which question the court below may have considered in deciding the case, and that question is, whether the justice of the peace had jurisdiction to render the judgment against Mrs. Krueger in the manner in which he did render it. It appears from the evidence that both the justice of the peace and Mrs. Krueger reside in Hays City, Big Creek township, Ellis county, Kansas, and that the justice held his office in such town and township. What the distance is be-

tween the justice's office and Mrs. Krueger's residence, is not shown. The justice left his office and went to her residence, where she waived summons, confessed the judgment com-. plained of in this proceeding, and was sworn to the necessary affidavit therefor; and the justice then returned to his office, where he made the proper entries on his docket. Now under the evidence the fact that the confession of judgment was taken at Mrs. Krueger's residence, and not at the justice's office, was the only irregularity that occurred in all the proceedings; and this irregularity was shown only by the parol evidence and not by the record of the justice of the peace, and we do not think that it renders the judgment of the justice of the peace either void or voidable; for when Mrs. Krueger voluntarily confessed judgment and permitted all the other steps to be taken necessary for the rendition of the judgment, she waived the irregularity in taking the confession of judgment.

2. Confession of judgment; waiver of irregularity.

The case of *Phillips v. Thralls*, 26 Kas. 780, has no application to this case. In that case the justice went out of his township to hold his court, while in this case the justice remained in his township during the occurrence of all the proceedings. This is the principal question discussed by counsel for plaintiff in error, and upon this question we must decide against his client. We think the judgment of the justice of the peace is valid, and that it cannot properly be set aside.

The judgment of the court below will be affirmed.

All the Justices concurring.