SCHOOL DISTRICT No. 50, OF CLOUD COUNTY, v. T. W. ROACH, *as County Superintendent, etc., et al.*

SCHOOL DISTRICT, *Created; Acts of Superintendent, Not Void.* The county seat was located upon a certain piece of land which afterward, with other territory, became an incorporated city. The county superintendent of public instruction held his office within such city, but not within that part where the county seat had been originally located; and while holding his office at that place he changed the

School District v. Roach.

boundary-lines of a certain school district and created a new school district. *Held*, That the fact that the county superintendent of public instruction did not hold his office at the place where the county seat was originally located, did not render his acts void.

*Error from Cloud District Court.*

THE opinion states the material facts.

*L. J. Crans,* for plaintiff in error.

*J. W. Sheafor,* for defendants in error; *C. L. Botsford,* of counsel.

The opinion of the court was delivered by

VALENTINE, J.: The facts of this case are substantially as follows: In January, 1870, a certain tract of land designated as "Concordia, north half of northwest quarter of section 4, township 6, and south half of southwest quarter of section 33, township 5 south, of range 3 west," was, by an election, made the permanent county seat of Cloud county, and no change in the location of the county seat of that county has taken place since that time. Since that time, however, Concordia has become an incorporated city, and includes within its boundaries not only all the above-mentioned territory, but also a large amount of other territory. Prior to May 1, 1885, and since, up to the present time, T. W. Roach was and has been the county superintendent of public instruction of Cloud county, and has been all the time receiving a salary of more than six hundred dollars per annum. About the middle of May, 1885, he removed his office from that part of the city of Concordia which was originally made the county seat of Cloud county to another part of such city, and has kept his office at such other part of the city ever since. About November 21, 1885, the county superintendent created a new school district in Cloud county, numbered 99, and incorporated in such new school district a portion of the territory of the preëxisting school district, number 50. All this was done legally and in a proper manner, except that the county superintendent in doing the work did not do the

same at what was originally the county seat of the county, nor was he at the time holding his office at what was originally the county seat; but he did all such work at the place to which he had removed his office in May, 1885. He had no other office at that time. The principal question now presented, and the only one which we need to consider, is whether the acts of the county superintendent were and are illegal and void, or not, for the reason that they were not performed within the limits of the original county seat. School district number 50 claims that they are void, and it commenced this action against T. W. Roach, the county superintendent of public instruction of Cloud county, and the other defendants, who are county officers of said county, to restrain and enjoin them from recognizing the existence of school district number 99, and from recognizing or attempting to enforce the aforesaid attempted change of the boundary-lines of school district number 50, made by the county superintendent in November, 1885. At the November term, 1886, the case was tried before the court below without a jury, and the court found the facts substantially as above stated, and found that the formaation of school district number 99 and the change of the boundary-lines of school district number 50 were legal and valid, and rendered judgment in favor of the defendants and against the plaintiff for costs; and to reverse this judgment the plaintiff, as plaintiff in error, brings the case to this court.

Of course the county superintendent of public instruction is required to hold his office at the county seat; see act·relating to counties and county officers, article 15, §172, and the act relating to schools, article 2, §2; and for the purposes of this case we shall assume that the county seat of Cloud county still remains at the exact place where it was originally located in 1870, and that it does not include any other territory than was then included in it, although the city of Concordia, within which such county seat is situated, contains a large amount of other territory. ( *The State v. Harwi*, 36 Kas. 588; *The State v. Stevens*, 40 id. 113, *et seq.*) The question then is simply this: Are the acts of a county superintendent of public in-

struction, changing the boundary-lines of an old school district and creating a new one, which acts are performed at his office within an incorporated city, within which the county seat is situated, necessarily void because such acts are not performed within the exact portion of the city within which the county seat was originally located ?   Or may such acts be held to be valid where they are in every other respect legal and regular? This case is entirely unlike the cases of *Phillips v. Thralls*, 26 Kas. 780; *Wilcox v. Johnson*, 34 id. 655; *A. T. & S. F. Rld. Co. v. Rice*, 36 id. 593, for in those cases the officer not only failed to perform the duties of his office at the place where the law requires that he should perform them, but he performed them outside of his office and outside of the territory within which he had any power or jurisdiction to perform them, and performed them within the territorial jurisdiction of other officers specially empowered to perform them.   In the present case the county superintendent did not go outside of his office to perform the acts complained of, nor did he go outside of his territorial jurisdiction to perform them; but he performed them within his office and within his territorial jurisdiction.   But a superintendent of public instruction is not confined to his office nor to the county seat.   He has jurisdiction with regard to schools and school districts over his entire county, and may perform services with reference to schools and school districts for the entire county, and he may perform many acts outside of his office and outside of the county seat. (See § 2, above quoted.)   Thus he may visit each school in his county, and at the time exercise some jurisdiction over the same, and also over the school board of such school district; and he may do and perform many other acts outside of his office and away from the county seat.   Of course, if a county superintendent should go outside of his county and into the jurisdiction of some other county superintendent, and there perform acts with reference to schools, we would think his acts would be void; but so long as he remains within his own county and performs acts within his own office which relate to schools and school districts within his own county, and which

acts are no more irregular than the acts complained of in the present case, we would think such acts must be held to be valid when attacked in the collateral manner in which they are attacked in the present case.

The judgment of the court below will be affirmed.

All the Justices concurring.