LEIBER, *Justice of the Peace, v.* ARGAUBRIGHT.

No. 873.   Opinion Filed November 9, 1909.

(105 Pac. 341.)

**JUSTICES OF THE PEACE—Jurisdiction—Trial of Causes Outside of Township.** Under the statutes of Oklahoma (section 3, art. 1, c. 81 [section 6664], Wilson's Rev. & Ann. St. Okla. 1903), justices of the peace are township officers, and are required to reside and hold their office within the township where elected (section 4. art. 1, c. 81 [section 6665], Wilson's Rev. & Ann. St. Okla. 1903), and jurisdiction to try and determine causes outside of the township, not being granted, cannot be conferred by agreement of parties.

(Syllabus. by the Court.)

*Error from District Court, Muskogee County; John H. King, Judge.*

Application of Laura ıArgaubright for writ of prohibition against John G. Leiber, Justice of the Peace in and for Harris Township, Muskogee County. From an order granting the writ, defendant brings error. Affirmed.

*William T. Hutchings* and *William P. Z. German,* for plaintiff in error.

*W. D. Halfhill* and *Wm. A. Green,* for defendant in error.·

No copies of briefs reached the reporter.

DUNN, J.   This case presents error from the district court of Muskogee county, Okla., and but one question is submitted for determination, which is:   Has a justice of the peace jurisdiction to receive, file, try, and determine an action by consent of the parties outside of the township where he is elected?   Neither the Supreme Court of Oklahoma territory nor of the state has ever had occasion to pass on this question.

Section 18, art. 7, of the Constitution (Snyder's Const. p. 221), creates the office of justice of the peace with jurisdiction coextensive with the county.   Section 2, art. 17, of the Constitution

(Snyder's Const. p. 335), enumerates the different county officers provided for under the Constitution, and a justice of the peace is not among them, and then provides for such municipal and township officers as are provided for under the laws of the territory of Oklahoma. Section 3, art. 1, c. 81 (section 6664), Wilson's Rev. & Ann. St. Okla. 1903, enumerates the different township officers, among which are two justices of the peace. Section 4, art. 1, c. 81 (section 6665), of the same statutes, then provides that "all township officers shall reside and hold their offices in the township for which they shall have been elected or appointed," etc. Hence we notice that the office of justice of the peace is not included among those provided for the county, and is specifically included among those for each township. While the jurisdiction of the justice of the peace is territorially as extensive as the county within which the township in which he is elected is located, yet to our minds the provision of the statute requiring him to reside within his township and to hold his office therein contemplates that he shall be and remain within his township for the transaction of his official business.

Other sections of the statutes to which we have not referred are entirely consistent with and strengthen the conclusion herein expressed, and there is no section which conflicts therewith. Counsel for both parties have with commendable zeal briefed this question, and we have with much interest read the authorities cited and considered the arguments made. In addition thereto, we have made an extended, independent investigation, but without securing much additional light to that presented by counsel. Many cases tendered were found, on securing the statutes upon which they were written, not to be in point, and hence are not noticed in this opinion.

The office of justice of the peace in Oklahoma is the same, and endowed with practically the same power and authority, as is the same office in the state of Kansas. Our statutes relating thereto are identical with the statutes of Kansas. This question has been before the courts of that state in several cases, and the views of its Supreme Court, which, to a great extent answer the arguments

of counsel for plaintiff in error, and with which we are in entire accord, are announced in the following authorities: *Phillips v. Thralls,* 26 Kan. 780; *Wilcox v. Johnson et al.,* 34 Kan. 655, 9 Pac. 610; *A., T. & S. F. Railroad Co. v. Rice,* 36 Kan. 593, 14 Pac. 229. Justice Brewer, speaking for the court in the case of *Phillips v. Thralls, supra,* said:

"Does this extending the limits of their territorial jurisdiction beyond the limits of the territory which elects give them a right to hold court anywhere within the larger limit, or must the locality of the court be confined to the territory which elects and of which they are the officers? My Brethren think the latter, and that, in the absence of express statutory authority, a justice of the peace cannot hold his court outside the locality which elects him and of which he is an officer. Whatever the limits to which process may go out of his court, or whatever the extent of the territorial jurisdiction conferred upon him, he is an officer of the township, his court is a court of the township, and his court as a court has no valid existence outside the limits of that township. One purpose contemplated in the organization of these courts was to have neighborhood courts, convenient to every individual for the settlement of minor disputes. If one justice may move his court out of his township to any other place in the county, all may; and we may have the spectacle of all the justices of all the townships in a county congregating in the county seat, and holding office there. Thus would one of the beneficent purposes of these inferior courts be defeated."

To the same point, Mr. Justice Valentine, in the case of *A., T. & S. F. R. Co. v. Rice, supra,* said:

"A justice of the peace is a township officer, under the Constitution, and cannot be a county officer or a state officer. It is true that justices of the peace are in some sense 'justices of the peace in their respective counties,' and also in the state. It is true that a justice of the peace may, within his own township, perform the duties of an examining magistrate in cases, or hear cases, arising in any part of his county; and it is also true that he may, within his own township, issue criminal process to be served in any part of the state; but it does not follow from these powers given that he may go into any part of the county or into any part of the state and there perform official acts. He can perform his official acts only in his own township. Criminal complaints must be taken to the justice, and not the justice to the criminal complaints. If

for any reason it is more desirable to commence a criminal prosecution in one township than in another, it must be commenced before some justice of the peace of that township; but, if it is preferable to commence before some particular justice, then the parties must go to that justice, and not transport him into some other township. His office is not migratory."

We therefore hold that a justice of the peace is without jurisdiction to sit, hear, and determine any action outside of the township where he is elected, and the consent of the parties cannot confer such authority, where it finds no sanction in the statute.

All the Justices concur.