## A. D. BERRY v. STATE.

No. A-1617.   Opinion Filed November 17, 1913.

(136 Pac. 195.)

1. **JUSTICES OF THE PEACE**—Jurisdiction—Residence. A person holding the office of justice of the peace must reside and hold his court in the district for which he was elected or appointed.

2. **SAME**—Perjury—Jurisdiction. (a) Under the law in this state a justice of the peace has no jurisdiction to preside over the trial of any civil or criminal proceeding outside of the district for which he was elected or appointed.

(b) Any trial had or any business attempted by a justice of the peace outside of the district for which he was elected or appointed is a nullity.

(c) Perjury cannot be predicated on testimony alleged to have been given in a void proceeding before a justice of the peace, for the reason that such proceedings are entirely without legal force and binding on no one.

*Appeal from District Court, Washita County;*
*James R. Tolbert, Judge.*

A. D. Berry was convicted of perjury, and appeals. Reversed.

*Jones & Bashore, Harris & Nowlin,* and *Kenneth C. Crain,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J. A. D. Berry was informed against, tried, and convicted in the district court of Washita county, at the October, 1911, term on a charge of perjury and his punishment fixed at confinement in the state penitentiary for a period of five years.

It appears that the plaintiff in error was a party to a civil action tried before G. D. Coker as a justice of the peace in the city of Cordell in October, 1910, and in that trial gave certain testimony upon which the assignments of perjury are based. A statement of the facts is not necessary for the purpose of determining this appeal.

Among many assignments of error is one based on the proposition that the justice of the peace who presided over the trial of the civil action out of which this prosecution grows was without jurisdiction to sit in the trial of said cause, for the reason that he was a justice of the peace of Cordell township and undertook to hold his court in the city of Cordell, said city being a city of the first class and as such a separate township having its own justice of the peace; it being the contention of counsel that the proceedings were a nullity and that perjury could not be based on testimony given therein. It appears that C. W. Henson was regularly elected justice of the peace for Cordell township and resigned before the expiration of his term of office; that he was not a justice of the peace of the city of Cordell; that G. D. Coker, a resident of the city of Cordell and not a resident of Cordell township, was appointed to succeed the said Henson; that upon his appointment and qualification he opened an office in the city of Cordell and transacted business as justice of the peace for Cordell township in said city under the mistaken idea that he was justice of the peace for the city of Cordell. These facts are not disputed, and no effort was made on the part of the state tending to controvert them.

In *Leiber v. Argaubright,* 25 Okla. 177, 105 Pac. 341, the Supreme Court of Oklahoma, discussing the powers of a justice of the peace and his jurisdiction to act as such, says:

" * * * But one question is submitted for determination, which is: Has a justice of the peace jurisdiction to receive, file, try, and determine an action by consent of the parties outside of the township where he is elected? Neither the Supreme Court of Oklahoma Territory nor of the state has ever had occasion to pass on this question. Section 18, art. 7, of the Constitution (Snyder's Const. p. 221), creates the office of justice of the peace with jurisdiction coextensive with the county. Section

2, art. 17, of the Constitution (Snyder's Const. p. 335), enumerates the different county officers provided for under the Constitution, and a justice of the peace is not among them, and then provides for such municipal and township officers as are provided for under the laws of the territory of Oklahoma. Section 3, art. 1, c. 81 (section 6664), Wilson's Rev. & Ann. St. Okla. 1903, enumerates the different township officers, among which are two justices of the peace. Section 4, art. 1, c. 81 (section 6665), of the same statutes, then provides that 'all township officers shall reside and hold their offices in the township for which they shall have been elected or appointed,' etc. Hence we notice that the office of justice of the peace is not included among those provided for the county and is specifically included among those for each township. While the jurisdiction of the justice of the peace is territorially as extensive as the county within which the township in which he is elected is located, yet to our minds the provision of the statute requiring him to reside within his township and to hold his office therein contemplates that he shall be and remain within his township for the transaction of his official business. Other sections of the statutes to which we have not referred are entirely consistent with and strengthen the conclusion herein expressed, and there is no section which conflicts therewith. Counsel for both parties have with commendable zeal briefed this question, and we have with much interest read the authorities cited and considered the arguments made. In addition thereto, we have made an extended, independent investigation but without securing much additional light to that presented by counsel. Many cases tendered were found, on securing the statutes upon which they were written, not to be in point and hence are not noticed in this opinion. The office of justice of the peace in Oklahoma is the same, and endowed with practically the same power and authority, as is the same office in the state of Kansas. Our statutes relating thereto are identical with the statutes of Kansas. This question has been before the courts of that state in several cases, and the views of its Supreme Court, which to a great extent answer the arguments of counsel for plaintiff in error and with which we are in entire accord, are announced in the following authorities: *Phillips v. Thralls,* 26 Kan. 780; *Wilcox v. Johnson et al.,* 34 Kan. 655, 9 Pac. 610; *A., T. & S. F. Ry. Co. v. Rice,* 36 Kan. 593, 14 Pac. 229. Justice Brewer, speaking for the court in the case of *Phillips v. Thralls, supra,* said: 'Does this extending the limits of their territorial jurisdiction beyond the limits of the territory which elects give them a right to hold court anywhere

within the larger limit, or must the locality of the court be ·confined to the territory which elects and of which they are the officers? My Brethren think the latter, and that, in the absence of express statutory authority, a justice of the peace cannot hold his court outside the locality which elects him and of which he is an officer. Whatever the limits to which process may go out of his court, or whatever the extent of the territorial jurisdiction conferred upon him, he is an officer of the township, his court is a court of the township, and his court as a court has no valid existence outside the limits of that township. One purpose contemplated in the organization of these courts was to have neighborhood courts convenient to every individual for the settlement of minor disputes. If one justice may move his court out of his township to any other place in the county, all may; and we may have the spectacle of all the justices of all the townships in a county congregating in the county seat and holding office there. Thus would one of the beneficent purposes of these inferior courts be defeated.' To the same point, Mr. Justice Valentine, in the case of *A., T. & S. F. Ry. Co. v. Rice, supra,* said: 'A justice of the peace is a township officer, under the Constitution, and cannot be a county officer or a state officer. It is true that justices of the peace are in some sense "justices of the peace in their respective counties" and also in the state. It is true that a justice of the peace may, within his own township, perform the duties of an examining magistrate in cases, or hear cases, arising in any part of his county; and it is also true that he may, within his own township, issue criminal process to be served in any part of the state; but it does not follow from these powers given that he may go into any part of the county or into any part of the state and there perform official acts. He can perform his official acts only in his own township. Criminal complaints must be taken to the justice and not the justice to the criminal complaints. If for any reason it is more desirable to commence a criminal prosecution in one township than in another, it must be commenced before some justice of the peace of that township; but, if it is preferable to commence before some particular justice, then the parties must go to that justice and not transport him into some other township. His office is not migratory.' We therefore hold that a justice of the peace is without jurisdiction to sit, hear, and determine any action outside of the township where he is elected, and the consent of the parties cannot confer such authority, where it finds no sanction in the statute."

See, also, *Johnston v. Hunter,* 50 W. Va. 52, 40 S. E. 448; *Hilson v. Kitchens,* 107 Ga. 230, 33 S. E. 71, 73 Am. St. Rep. 119.

It appears from the foregoing that our Supreme Court has established the doctrine that a justice of the peace is wholly without authority to hold court outside of his own district. A justice of the peace who is appointed for one district would have no more authority to hold court in some other district in the county than one who was elected. It does not appear that there was a vacancy in the office of justice of the peace in the city of Cordell. We cannot therefore presume that the appointment was intended to be other than for Cordell township and not the city of Cordell. The language used by the county commissioners expressly says that Coker was appointed justice of the peace of Cordell township. This being true, the entire proceedings out of which this prosecution grows were a nullity. The justice of the peace was without jurisdiction to administer oaths and try the cause in the city of Cordell. Perjury cannot be based on testimony given in such proceedings.

It follows that the judgment should be reversed, and the cause remanded, with directions to dismiss, and it is so ordered.

DOYLE and FURMAN, JJ., concur.