## GOINS v. BLACK.

No. 8142—Opinion Filed Dec. 11, 1917.

(169 Pac. 1067.)

1. **Justices of the Peace — Trespass of Stock—Assessment of Damages—Jurisdiction—Statute.**

Where a notice in writing has been filed in the office of a justice of the peace to view and assess damages occasioned by trespassing stock under the provisions of section 153, Rev. Laws 1910, such justice of the peace is not deprived of jurisdiction to view and assess such damages, upon premises within his county, by reason of the fact that such premises are not within his township or justice of the peace district.

2. **Same.**

Where, with a justice of the peace, a proper notice to view and assess damages occasioned upon premises within his county under the provisions of section 153, Rev. Laws 1910, has been duly filed and the assessment of damages made by such justice of the peace in writing as provided by section 154, Rev. Laws 1910, is entered upon his docket within his township or district, upon his return from such viewing of the premises, the fact that he goes out of his district in viewing the premises upon which such damages are alleged to have been occasioned does not render void the assessment of damages so made by such justice of the peace.

(Syllabus by Rummons, C.)

Error from District Court, Pawnee County; Conn Linn, Judge.

Action by B. Goins against David Black. Judgment for defendant, and plaintiff brings error. Affirmed.

Blake & Hazlett, for plaintiff in error.

McCollum & McCollum, for defendant in error.

Opinion by RUMMONS, C. This action was commenced by the plaintiff in error, hereinafter styled the plaintiff, against the defendant in error, hereinafter styled the defendant, to replevin certain horses, the property of the plaintiff. the possession of which it was alleged the defendant unlawfully detained from the plaintiff. The sole question of a justice of the peace to view and assess the damages occasioned by trespassing cattle upon premises within his county, but out of the township or district for which such justice of the peace was elected.

The record discloses that the defendant was a resident of Cimarron township, Pawnee county; that he distrained the horses, sought to be replevined, damage feasant, upon his premises in Cimarron township; that he notified the plaintiff of the distraining of said horses within the statutory time; and that plaintiff and defendant were unable to agree upon the amount of the damages to the defendant inflicted by said horses. Thereupon the defendant filed a written notice with W. R. Mayfield, a justice of the peace of House Creek township, Pawnee county, in accordance with the provisions of the statute, requiring said justice of the peace to view and assess the damages sustained by the defendant. The justice of the peace notified the plaintiff of the time when he would visit the premises of defendant to view and assess the damages. The justice of the peace, the plaintiff, and the defendant and another met upon the premises of the defendant at the time fixed by the justice of the peace. The justice of the peace viewed the premises, and, it seems from the evidence, announced that he would fix the damages sustained by the defendant at the sum of $50. Thereupon the plaintiff not having satisfied said award, he directed the defendant to hold the horses pending the posting of the notice of sale required by the statute. The justice of the peace then returned to his office within his township, entered upon his docket the proceedings and his assessment of the damages and the costs of keeping said horses during the pending of the proceedings, amounting to a total of $75.25, and filed a written copy of the assessment made by him with the county clerk as required by law.

The plaintiff then instituted this action to recover the possession of said horses, contending that the justice of the peace was without jurisdiction, for the reason that the premises upon which the damage was done were without the township or district of the justice of the peace, and therefore he was without jurisdiction to view and assess the damages, and that the proceedings under which defendant claimed to be entitled to retain possession of the horses were wholly void. Plaintiff relies upon the case of Leiber, Justice of the Peace, v. Argaubright, 25 Okla. 177, 105 Pac. 341. In that case it is held that a justice of the peace is a township officer and is required to reside and hold his office within the township where elected, and is without jurisdiction to sit, hear, and determine an action out of the township or district where he is elected. Plaintiff further contends that proceedings under the herd law by a justice of the peace, are judicial, and that therefore the justice of the peace was wholly without jurisdiction to proceed under the herd law act (Laws 1903, c. 1), where the damages occurred within his county, but outside of the township or district for which he was elected.

We think it may be conceded that the act of a justice of the peace in viewing and assessing the damages occasioned by trespassing animals and causing such animals to be sold to satisfy such damages is judicial in its nature, but it does not necessarily follow that a justice of the peace is without jurisdiction to proceed under the provisions of the herd law when the damages complained of are upon premises within his county, but outside of his township or district. Section 5351, Rev. Laws 1910, provides:

"The jurisdiction of the justice of the peace in all civil matters shall be coextensive with the county in which they are elected. * * * "

Section 5356 provides:

"Justices shall have jurisdiction in actions for trespass on real estate, where damages demanded for such trespass shall not exceed two hundred dollars."

The provisions of the herd law necessary to be considered in the determination of this case are contained in sections 153 and 154, Rev. Laws 1910, which are as follows:

"Sec. 153. Within forty-eight hours after stock has been distrained, Sunday not being included, the party distraining, or his agent, shall notify the owner of said stock, when known, or, if unknown, the party having them in charge; and if said owner shall fail to satisfy the person whose lands are trespassed upon, the party injured shall, within twenty-four hours thereafter, notify in writing, some disinterested justice of the peace to come upon the premises to view and assess the damages. The owner of the stock or the person entitled to the possession thereof, when known, shall be notified in writing of the time and place when the justice will proceed to assess said damages. The justice shall within forty-eight hours after receiving such notice, Sundays and holidays excepted, proceed to view and assess the damages, and a reasonable amount to be paid for seizing and keeping said stock, and if the person owning such distrained stock, fail to pay such damages as assessed, the justice shall post in three conspicuous places in the township where such damages were done, notices that said stock, or so much thereof as are necessary to pay such damages, with cost of sale, will be sold to the highest bidder. Said sale shall take place at the enclosure where said stock was distrained, between the hours of one and three p. m. on the tenth day after the posting of such notices, Sunday excepted. Any money or stock left after satisfying such claims shall be returned to the owner of the stock sold.

"Sec. 154. The justice shall make his assessment in writing and file the same with the county clerk, to be kept in his office.

Any person aggrieved by the action of the justice under this article, may appeal therefrom, as from the judgment of a justice of the peace. The person appealing shall file with the justice of the peace a bond, in a penalty double the value of the property distrained, or, if the value of the property exceed the amount of damages claimed, then in double the amount of damages, with good and sufficient sureties, to be approved by the justice of the peace, and from and after the filing of the appeal bond the same shall operate as a supersedeas. In case the owner of such stock be the appellant the same shall be delivered to him. The justice of the peace shall, after the appeal is taken, certify all the original papers in the case to the court to which the appeal is taken, in the same manner and within the same time as in an appeal from a judgment of a justice of the peace."

It is well established in this jurisdiction that the preceding sections of the statutes provide to the owner of real estate two methods of procedure to recover damages inflicted by trespassing animals. In Ellis, Sheriff, v. Smith, 25 Okla. 234, 105 Pac. 653, Chief Justice Kane, who delivered the opinion of the court, in passing upon section 11, art. 1, c. 1, p. 43, Laws 1903, which is practically identical with section 149, Rev. Laws 1910, says:

"Where a party elects to recover damages alleged to have been incurred by the violation of the foregoing provision, by action at law, he waives any lien that might have attached to the stock doing the injury, if he had proceeded to distrain the trespassing animals, so far as a prior incumbrancer by a chattel mortgage was concerned."

In Low v. Barnes, 30 Okla. 15, 118 Pac. 389, Commissioner Sharp, who wrote the opinion of the court, in construing these sections of our statute says:

"* * * Section 17 expressly provides that the owners of stock, prohibited from running at large, shall be liable for all damages done by such animals upon the land of another, and provides two methods of procedure by which the damages may be recovered."

The defendant in the instant case might have returned the horses to the plaintiff, and, if the plaintiff were a resident of the county, have maintained an action against the plaintiff for the amount of damages claimed in the instant case before any justice of the peace of the county. By so proceeding the defendant would have been entitled to a judgment for the damages sustained by him, but he would have lost his lien upon the horses for the satisfaction of such damages. Having elected, however, to

proceed to recover his damages by distress, and having submitted his claim for damages to a justice of the peace of a neighboring township, did he thereby forfeit the lien given him by statute?

So far as we have been able to investigate this question has never been determined by the courts. In the case of Gilbert v. Stephens, 6 Okla. 673, 55 Pac. 1070, the question is suggested, but is not determined. It being there said by Justice Keaton, who delivered the opinion of the court:

"Immediately after which, as shown by the record, the following proceedings were had: 'Defendant now offers to show, by the files of the county clerk's office, and introduced in evidence the written assessment made by the justice of the peace and filed there as required by law, to which counsel for plaintiff objects as incompetent, irrelevant, and immaterial, for the reason that the justice had no jurisdiction to act in this case on account of it being outside of his township. Second, for the reason he did not have any jurisdiction for the reason that notices were not served within the proper time. Third, for the reason that the pretended report of the assessment is not in proper form to sustain it, which objection is sustained, to which ruling of the court the defendant objects and excepts. Objection as to form withdrawn.' * * * The reasons for the trial court's ruling in excluding the assessment made by the justice, are not discussed in the briefs and are not clearly perceptible to us; however, as defendant has assigned no cross-errors, this ruling cannot now be considered."

It seems that in that case the trial court sustained the objection to the introduction in evidence of the assessment of damages made by a justice of the peace, among other reasons, because such justice of the peace was without jurisdiction, because he was not a justice of the peace of the township in which the damage was occasioned. The territorial Supreme Court, without expressing an opinion, doubted the sufficiency of that objection. This, as we have said, is the only light that we have been able to find upon the subject in the adjudicated cases. Considering, however, the language of our statutes and the purpose to furnish speedy and adequate relief to a landowner injured by trespassing animals, we feel convinced that the position of the plaintiff is not well taken. It does not appear from the record in the instant case whether or not there was a qualified and acting justice of the peace of Cimmaron township; but it is a matter of common knowledge that in many townships or justice of the peace districts there is no justice of the peace qualified and acting. In such case, if plaintiff be right, a landowner would be without remedy under the provisions of the herd law, would lose his lien, and be left to the doubtful remedy of action, personal judgment, and execution.

It remains only to be considered whether the case of Leiber v. Argaubright, supra, is applicable to the facts in the instant case. If a justice of the peace, by going to the premises where the damages were done and viewing the extent thereof, was holding court outside of his township or district, then he was within the rule laid down in that case, and without jurisdiction. We incline, however, to the view that this provision being, as we have seen, one method of recovering damages for trespass upon realty which was in the jurisdiction of a justice of the peace, the proceedings were instituted within the House Creek township by the filing by the defendant of the notice to the justice of the peace required by law, and consummated by the assessment of the damages entered upon his docket by the justice of the peace and written out and filed with the county clerk as required by law, all of which was done within the township of the justice of the peace. The going to the premises of the defendant in Cimarron township, and viewing the extent of the damages, was a mere incident to the final assessment thereof. It will be noted that it is provided in section 154, R. L. 1910, supra, that the justice shall make his assessment in writing. The assessment, therefore, while the amount thereof might have been orally announced while the justice of the peace was viewing the premises in Cimarron township, was not, in contemplation of the law, really made until the justice of the peace returned to his office and entered the same upon his docket in writing as required by law.

We think there is much force in the contention of counsel for defendant that the procedure of the justice in going to the premises and viewing the damage was analogous to the view by a jury provided for by section 5004, Rev. Laws 1910. In the instant case, while the justice of the peace acted as both judge and jury, we see no reason to distinguish between a view taken by a justice of the peace, and a similar view taken by a jury impaneled in an action to assess the amount of defendant's damages. In the absence of statute it has been frequently held that, in a case where a view by a jury is proper, the trial judge should accompany the jury upon such view. People v. Thorn, 156 N. Y. 286, 50 N. E. 947, 42 L.

R. A. 368, note page 381. We do not think it can be successfully contended that in an action at law brought before a justice of the peace in House Creek township to recover damages demanded by defendant the justice of the peace could not have directed the jury to proceed to Cimarron township and view the premises, nor would such a view constitute a holding of court in Cimarron township. In the instant case the procedure was in effect the same as a view by a jury. We therefore conclude that the case of Leiber v. Argaubright is not applicable to the facts in the instant case, and that the proceedings taken by the justice of the peace were not void for want of jurisdiction.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.