# Ex parte J. W. ROBINSON.

No. A-8824.   Feb. 8, 1935.
(41 Pac. [2d]) 127.)

Greer & Banta, for petitioner.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Tom Huser, Co. Atty., for respondent.

EDWARDS, J. This is an original proceeding in habeas corpus. Petitioner alleges he is unlawfully restrained; that October 10, 1934, judgment was entered pursuant to verdict of a jury in the superior court of Seminole county, adjudging petitioner guilty of murder and assessing punishment at life imprisonment. That said court was without jurisdiction for the reason petitioner had not had a preliminary examination before any magistrate having jurisdiction. This court issued a rule to show cause; the sheriff in his return states he holds said petitioner under such judgment and has committed him to the state penitentiary.

Before the filing of the information in superior court, a preliminary information, charging petitioner with murder, was filed with one Joe W. Harris, a justice of the peace for Konawa township district. Harris maintained his office in the incorporated town of Konawa, which town, by the federal census for 1930, had a population of 2,005. A preliminary hearing was set for December 18, 1933, at which time petitioner appeared by counsel and objected to the jurisdiction of said magistrate for the reason he was not within Konawa township district, the district for which he was elected, but was attempting to hold court in another district, the incorporated town of Konawa. This objection was overruled and preliminary was held. Petitioner was committed for the action of the superior court of Seminole county and transcript of the proceedings filed in the court clerk's office. There-

after petitioner filed in said superior court a petition for writ of habeas corpus, which is rather ambiguous, but we construe it as a proceeding to be let to bail and not as a challenge to the jurisdiction of the superior court because he had not had a preliminary. It is more in the nature of a questioning of the sufficiency of the evidence as showing probable cause. He states:

"* * * But your petitioner alleges that said information is illegal, in that it is unauthorized, and that said court is without jurisdiction of this plaintiff, and if said crime is true, petitioner believes that he is entitled to bail.

"Wherefore your petitioner prays your honorable court to grant a writ of habeas corpus, and that he have a hearing on said cause and that he be discharged or granted bail without delay."

Upon a consideration of said petition, the court admitted petitioner to bail. He was arraigned February 19, 1934, and entered a plea of not guilty. Later said case was set for trial and petitioner presented a motion for continuance which was granted and the case was again set for the September, 1934, term. Two or three days before the date of trial petitioner filed his motion to quash the information, alleging: "* * * That this defendant has never been granted a preliminary hearing, nor has he waived the same by any court or magistrate having jurisdiction or authority to hear or receive the same," and asked leave to withdraw plea of not guilty to present it. The court said he would not permit the withdrawal of the plea, but would hear the petitioner's motion, and, if he found it contained merit, he would allow the withdrawal and sustain it. It was thereupon presented and the court stated it should be denied and he then refused to permit the withdrawal of the plea.

This being a proceeding in habeas corpus, petitioner is not entitled to the writ, no matter how numerous or gross the errors and irregularities of law or procedure may be on questions over which the court had jurisdiction, but is entitled to the writ only in case the judgment is void. If merely voidable or such as might be reversed on appeal, relief cannot be afforded in a habeas corpus proceeding. Habeas corpus cannot be invoked to take the place of an appeal. Ex parte Rupert, 6 Okla. Cr. 90, 116 Pac. 350; In re Talley, 4 Okla. Cr. 398, 112 Pac. 36, 31 L. R. A. (N. S.) 805; Ex parte Williams, 102 Okla. 170, 228 Pac. 494; Ex parte Davis, 55 Okla. Cr. 380, 31 Pac. (2d) 623; Ex pare Miles, 56 Okla. Cr. 69, 33 Pac. (2d) 636 .

It is the duty of officers of the state to know the power, territorial jurisdiction, and limitations of its magistrates. Without discussing at length the different statutes and decisions relating to the election and qualification of justices of the peace and the creation and designation of districts for justices of the peace, we are of the opinion the justice of the peace, Harris, before whom the state held the preliminary of petitioner, was without jurisdiction to act in the incorporated town of Konawa; that he was a justice of the peace of Konawa township district and not a justice of the peace in the district comprising the incorporated town of Konawa. The statutes and the stipulation of facts bring him within the rule announced in Berry v. State, 10 Okla. Cr. 308; 136 Pac. 195; Leiber v. Argaubright, 25 Okla. 177, 105 Pac. 341.

Article 2, § 17, Constitution, provides:

"* * * No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. * * *"

408

This constitutional provision is for the benefit of an accused. It is in the nature of a personal privilege under which he may insist upon a preliminary examination before he can be put upon his trial or called upon to answer an information, but by its express terms he may waive this right. Canard v. State, 2 Okla. Cr. 505, 103 Pac. 737, 881, 139 Am. St. Rep. 949; Muldrow v. State, 16 Okla. Cr. 549, 185 Pac. 332; Simpson v. State, 16 Okla. Cr. 533, 185 Pac. 116; Ralston v. State, 16 Okla. Cr. 634, 185 Pac. 831; Browning v. State, 31 Okla. Cr. 373, 239 Pac. 272; Ables v. State, 35 Okla. Cr. 26, 247 Pac. 423; Neff v. State, 39 Okla. Cr. 133, 264 Pac. 649.

It is well settled that an information charging a felony need not allege that an accused has had a preliminary examination or has waived it. Wines v. State, 7 Okla. Cr. 450, 124 Pac. 466; Robbins v. State, 12 Okla. Cr. 294, 155 Pac. 491; Browning v. State, supra; Stamper v. State, 25 Okla. Cr. 324, 220 Pac. 67. The manner of challenging jurisdiction because no preliminary examination was had is by motion to quash or set aside the information. The applicable statutes are, sections 2937, 2940, 2941, 2942, Okla. St. 1931. See, also, Quinton v. State, 10 Okla. Cr. 520, 139 Pac. 705; Robbins v. State, supra.

A preliminary examination may be waived before the committing magistrate or the preliminary examination, and the entire preliminary proceedings may be waived in the trial court and is waived by failure to file motion to quash or set aside as provided by the statute before entering a plea on the merits.

After plea to the merits, it was some six or eight months and after a continuance on the application of accused, before he sought to interpose a motion to quash or set aside. After plea to information on the merits has

been entertained, it is discretionary with the trial court whether or not he will permit the plea to be withdrawn for the purpose of filing a motion to quash or set aside. Hunter v. State, 3 Okla. Cr. 533, 107 Pac. 444; Tegeler v. State, 9 Okla. Cr. 138, 130 Pac. 1164; Weatherholt v. State, 9 Okla. Cr. 161, 131 Pac. 185; People v. Williams, 129 Cal. App. 504, 19 Pac. (2d) 37.

The judgment is not void and the writ is denied.

DAVENPORT, P. J., and DOYLE, J., concur.