## KEITH DECKER v. STATE.

No. A-8981. Feb. 21, 1936.
(54 Pac. [2d] 1096.)

446

 

Bishop & Bishop, Frank Seay, and Tant & Moss, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county of robbery with firearms, and his punishment was fixed at five years in the state penitentiary.

The evidence is that a drug store in Oklahoma City operated by Roy Bow and wife was robbed; the robber, at the point of a gun, forcing Mrs. Bow to open the cash register and give him $22.83 from the till. Some ten days later defendant was arrested and charged with the robbery.

Mrs. Bow testified as above stated and, further, that soon after the robbery she viewed several suspects but did not identify them. About ten days later she saw defendant and was able to identify him positively as the person who committed the robbery. George Kerr, a deputy sheriff, testified he arrested defendant some seven or eight days after the crime and defendant gave him a fictitious name. The defense was alibi. Defendant testified he was gambling in Ada at the time. Evidently the jury did not believe this. The evidence is sufficient.

The first contention is that the court admitted incompetent evidence over objection. In support thereof defen-

dant quotes several pages of testimony, but does not point out the particular part claimed prejudicial, but says:

"The evidence having been heretofore set out and shown fully in case-made, it is useless to burden the record by recapitulation of the same."

This does not comply with the rules of the court and presents no question for review. Rule 7. This court cannot search the record to discover some evidence that may have been improperly admitted. The evidence complained of must have been objected to and exceptions reserved to an adverse ruling and the ruling assigned as error in the motion for new trial and the petition in error. Then it must be pointed out in the brief and authorities in support of the contention cited.

Next, defendant argues the court erred in allowing the information to be amended during the trial. The amendment was merely as to form, being the correction of a stenographic error. Defendant at the time stated he had no objection. No authorities are cited. This question was passed on adversely to defendant's contention. Johnson v. State, 21 Okla. Cr. 17, 204 Pac. 311, and numerous other cases.

Lastly, defendant asserts the record shows this case was begun by the filing of an information in the district court and not by complaint before a committing magistrate. The presumption is that defendant had a preliminary examination or that same was waived. All preliminary proceedings are waived, unless timely motion to set aside or quash the information is made. Ex parte Robinson, 56 Okla. Cr. 404, 41 Pac. (2d) 127, and authorities cited. No such motion was filed in this case. It appears, moreover, that a preliminary was held and the preliminary information was in court at the trial and at the time the

448

amendment to the information was allowed. The defendant had a fair trial.

The case is affirmed.

DAVENPORT and DOYLE, JJ., concur.