## SAMUEL KUTZ v. STATE.

No. A-10653.   Jan. 29, 1947.
(177 P. 2d 139.)

Robert O. Swimmer, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J.  The defendant, Samuel Kutz, was charged by information filed in the court of common pleas of Oklahoma county with the unlawful possession of intoxicating liquor. A jury was waived, the defendant was tried, convicted, and sentenced to serve 30 days in the county jail and pay a fine of $50 and costs, and has appealed.

For a reversal of the judgment of conviction, it is first contended that the description in the search warrant is ambiguous and insufficient to authorize a search of the premises of the defendant.

The description of the premises to be searched as set forth in the warrant is as follows:

"First frame dwelling East of Baash Ross Tool Company, given as 1559 SE 29th Street, adjacent to Okla. City in Oklahoma County, Oklahoma."

The defendant testified at the hearing on the motion to suppress evidence that his residence is the first frame dwelling east of the Baash Ross Tool Company, but said that his residence is located at 1507 S. E. 29th street. Counsel contends that that portion of the description which recites "1559 S. E. 29th Street" refers to defendant's residence, and since such street number is not the address of defendant's residence that it does not authorize a search of defendant's premises.

The proof of the state at the hearing on the motion to suppress evidence was that the Baash Ross Tool Company was located at 1559 S. E. 29th street. That it is a large warehouse with a huge sign in front of it with the descriptive words "Baash Ross Tool Company" with the street number "1559 S. E. 29th Street" thereon. That the street number set forth in the warrant was descriptive of the location of the Baash Ross Tool Company and did not purport to be the street number of defendants residence which was the property to be searched. It was further pointed out that if the officer had known the street number of defendant's residence, it would not have been necessary to have inserted that descriptive provision relating to the house to be searched as "first frame dwelling east of Baash Ross Tool Company."

It is the settled law in this jurisdiction that the description in a search warrant must be sufficient to enable the officer executing the warrant to locate the premises to

be searched without the aid of any other information save that contained in the warrant. Hughes v. State, 83 Okla. Cr. 16, 172 P. 2d 435; Pitzer v. State, 69 Okla. Cr. 363, 103 P. 2d 109.

All of the proof showed that the premises of the defendant which were searched by the officers was the first frame dwelling east of the Baash Ross Tool Company. It is our conclusion that an officer unfamiliar with the location of defendant's residence would have had no difficulty in locating it from the descriptive averments in the warrant without seeking aid from any other source than that set forth in the warrant.

It is next contended that the search warrant is void for the reason that it was issued in the justice of the peace court of Otis James in Oklahoma City and directed to be served on premises located outside of the justice of the peace district from which it was issued.

It was stipulated and agreed at the trial that the premises described in the search warrant were located in Greely Township, and that Justice of the Peace Trammell was the justice of the peace for Greely Township. That the warrant was issued by Otis James, a justice of the peace of Oklahoma City, and that his justice of the peace district does not extend beyond the city limits of Oklahoma City.

The exact question here presented has never been before this court for determination, although there have been several decisions which have a bearing on the issue involved. Our Constitution (art. 7, sec. 18) creates the office of justice of the peace, and further provides that courts of justices of the peace shall have jurisdiction coextensive with the county, as an examining magistrate in all felony cases, and concurrent jurisdiction with the county court in civil

cases where the amount involved does not exceed $200 exclusive of interest and costs, and concurrent jurisdiction with the county court in all misdemeanor cases in which the punishment does not exceed a fine of $200 or imprisonment in the county jail for not exceeding 30 days, or both such fine and imprisonment.

Counsel for defendant has directed our attention to the statutes which provide:

"No person shall be eligible to the office of justice of the peace or constable who is not a legal voter of the district, township, city or town for which he is elected or appointed." 39 O. S. 1941 § 3.

"Justices of the peace and constables shall reside and keep their offices in the district from which they are elected." 39 O. S. 1941 § 6.

In Kuhn v. State, 70 Okla. Cr. 119, 104 P. 2d 1010, 1011, this court held:

"Justices of the peace are courts of limited jurisdiction, and statutes conferring jurisdiction on them are to be strictly construed and are not to be aided or extended by implication beyond their express terms."

It is contended by counsel that the cases of Harrington v. State, 66 Okla. Cr. 310, 91 P. 2d 787; Berry v. State, 10 Okla. Cr. 308, 136 P. 195; Leiber v. Argaubright, 25 Okla. 177, 105 P. 341; and Ex parte Robinson, 56 Okla. Cr. 404, 41 P. 2d 127, support his contentions.

In Harrington v. State, supra, a conviction for the unlawful possession of intoxicating liquor was reversed by this court for the reason that the justice of the peace who issued the warrant for the search of defendant's premises was not in his judicial district at the time he issued the warrant. This court, in disposing of that appeal, stated:

"The criminal jurisdiction of a justice of the peace extends throughout the county in which he is elected or appointed, but he is required to reside and exercise his jurisdiction within his district, and the administration of an oath verifying a complaint for search and seizure and the issuance of a search warrant thereon, at a place beyond the limits of his district. Held, proceedings void for want of jurisdiction. * * *

"A justice of the peace being a township or city officer under the Constitution and laws of this state, he can perform his official acts only in his own township or city district."

In the case of Berry v. State, supra, this court merely held that a justice of the peace elected in one township could not lawfully hold his court outside of the territorial limits of the justice of the peace district to which he had been elected. A conviction for prejury was reversed for the reason that it was predicated on testimony alleged to have been given in a void proceeding before a justice of the peace who was attempting to hold court outside of the district for which he was elected.

Leiber v. Argaubright, supra, as we view the record, does not support counsel's contention, but like the above two cases rather strengthens the position of the state. In the body of the opinion (25 Okla. 177, 105 P. 342), it was there stated:

"* * * While the jurisdiction of the justice of the peace is territorially as extensive as the county within which the township in which he is elected is located, yet to our minds the provision of the statute requiring him to reside within his township and to hold his office therein contemplates that he shall be and remain within his township for the transaction of his official business * * *."

In Ex parte Robinson, supra, this court by dicta followed the rule laid down in the above-quoted cases when

they stated that a justice of the peace of Konawa Township could not hold a preliminary hearing at a place outside of his justice of the peace district; however, Judge Edwards denied the writ of habeas corpus for the reason that the question raised by the petitioner in that case had been waived by his pleading to the information upon his arraignment in the district court.

None of these cases involve the legal right of the justice of the peace to issue process to be served on persons living in the county where his justice of the peace district is located, but not residents of his justice of the peace district. The constitutional provision hereinabove quoted gave justices of the peace jurisdiction co-extensive with the county in certain limited matters therein enumerated. We can find no statutory provision limiting the authority of a justice of the peace to less than is set forth in the constitutional provision. The cases cited by counsel above quoted would have been authority for his position if the proof had shown that Otis James, the justice of the peace who issued the warrant, did so at a time when he was outside of his justice of the peace district. In other words, if a complaint for a search warrant had been presented to Judge James while he was in Greely Township, he would have been without jurisdiction to have acted in said township as the above decisions and the statutes of this state require all the acts of the justice of the peace to be performed in the district in which he was elected or appointed.

Title 37, O. S. 1941 § 84 authorizes a justice of the peace to issue a search warrant directed to any peace officer in the county whom the complainant may designate commanding him to search the premises described in the affidavit for the search warrant.

It is our opinion, after consideration of the constitutional and statutory provisions, coupled with the reasoning given in support of the conclusions reached in the cases hereinabove cited, that a justice of the peace must transact all of his business within the district for which he is elected or appointed, but that he may issue process while acting within his district for service on persons residing in the county but outside of the justice of the peace district of the justice of the peace who issues the process.

Counsel present the further contention that it is questionable whether the affidavit was signed before the warrant was issued, and for that reason the issuance of the search warrant was illegal and void. An examination of the record does not support counsel's contention. For that reason, we consider this assignment without merit.

The judgment and sentence of the court of common pleas of Oklahoma county is affirmed.

BAREFOOT, P. J., and BRETT, J., concur.