Emory H. McKINLEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13934.

Court of Criminal Appeals of Oklahoma.

April 19, 1967.

Milton Keen, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jeff Hartmann, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge:

Emory H. McKinley, the plaintiff in error, who shall hereinafter be referred to as the defendant, was charged by information in the District Court of Grady County

with the crime of Attempted Burglary Second Degree. He was tried before a jury, found guilty, and sentenced to One Year in the state penitentiary. Defendant lodged his appeal in the time prescribed by law asserting numerous assignments of error. Defendant confines his brief to five propositions, the first of which involves the preliminary hearing afforded him.

Defendant contends the District Court never acquired jurisdiction of the person for the reason the preliminary hearing was a nullity because the examining magistrate was wholly without jurisdiction.

It will be necessary to briefly state just what took place from the beginning of the action in justice of the peace court. The action was begun by the filing of a felony complaint in Justice of the Peace Court of Earl E. Johnson in the city of Chickasha, Oklahoma. The defendant filed an affidavit for a change of venue within the time allowed by statute. The defendant and his counsel were notified by the county attorney that a preliminary hearing was to be held on May 12 at the County Courthouse at Chickasha, Oklahoma. The county attorney had arranged for a Justice of the Peace from Rush Springs, Oklahoma, to conduct the preliminary hearing. After being advised by defense counsel that he questioned whether a Justice of the Peace could hold court outside his own district, (See, Berry v. State, 10 Okl.Cr. 308, 136 P. 195) the county attorney instructed defendant and his counsel that they would immediately proceed to Rush Springs where a preliminary hearing would be held.

Upon arrival of the parties in Rush Springs, the Justice of the Peace, William H. Heilman, proceeded to hold a preliminary hearing. It developed that the Justice of the Peace before whom the original complaint had been filed, made no order transferring the file and its contents after a motion had been filed before him requesting a change of venue. Therefore, Justice of the Peace Heilman, at the time he held the preliminary hearing, had neither a complaint, nor warrant, nor appearance bond, or any portion of the file pertaining to said cause. Defense counsel objected to the proceedings, contending that Justice of the Peace Heilman was without jurisdiction to proceed further for the same reasons set out above.

These facts as stated are agreed upon by both defendant and the state.

Apparently no effort was made on the part of the State to comply with any portion of the law, which sets out the proper procedure in conducting preliminaries.

We agree with defense counsel that Justice of the Peace Heilman never obtained jurisdiction in said cause. The case at bar was never transferred to his court by the Justice of the Peace before whom the original complaint was filed; therefore, jurisdiction was never acquired.

In the case of Barnhart and Brother v. Davis, 30 Kan. 520, 2 P. 633, speaks clearly of when jurisdiction is acquired in such matters at page 634 in the body of the opinion:

"The jurisdiction of the justice to whom the change of trial is granted does not attach until the cause is transferred for trial, the justice selected to try the case, and a certified transcript of the proceedings delivered to him."

The following Oklahoma Statute supports this finding, Title 22, Okl.St.Ann. § 182:

"If the defendant be taken before a magistrate other than the one who issued the warrant, the complaint on which the warrant was granted must be sent to that magistrate, or if it cannot be procured, a new complaint must be filed."

Oklahoma Statutes further denote the procedure after a change of venue has been ordered, in Title 39, Okl.St.Ann. § 502:

"When a change of the place of trial is ordered the justice or judge must transmit to the justice before whom the trial is to be had all the original papers in the cause, with a certified copy of the minutes of his proceedings; and upon receipt thereof, the justice to whom they

are delivered must proceed with the trial in the same manner as if the proceeding or action had been originally commenced in his court. R.L.1910, § 6150".

Since the cause had never been transferred to Justice of the Peace Heilman, he was without jurisdiction to conduct a preliminary hearing and his acts, therefore, were a nullity.

In the case of Inverarity v. Zumwalt, Okl.Cr., 279 P.2d 372, this Court said:

"Jurisdictional requirements must exist before *any court* has authority to conduct a preliminary hearing or the Criminal Court of Appeals to order a magistrate to conduct such a hearing."

"Where jurisdictional requisites to act are not present and a justice court attempts to act in the matter of conducting a preliminary hearing, such action is invalid for want of jurisdiction."

Counsel for defendant raised this objection at every opportunity, but his objections were to no avail. If the acts of Justice of the Peace Heilman were a nullity and invalid, the defendant had not been afforded a preliminary hearing. This Court held in the case of Carter v. State, Okl.Cr., 292 P.2d 435:

"No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Article 2, Section 17, Oklahoma Constitution."

■ It is contended by defendant that the District Court had no jurisdiction because defendant had not been afforded a valid preliminary hearing; thus, he filed a Motion in the District Court to Quash, and also a Motion to Remand for Preliminary Hearing. Both motions were overruled. This Court is of the opinion that when the District Court was apprised of what had taken place, it should have sustained the Motion to remand and it was error not to so do.

If the Justice of the Peace system is to maintain the dignity with which they have been endowed, and at the same time, merit the respect of the public and the legal profession, they must follow the prescribed procedure as set forth in the Statutes of Oklahoma. In the instant case, the procedural statutes were completely flaunted, ignored, and violated.

This Court cannot conscientiously say defendant was afforded a preliminary hearing as prescribed by law. This, within itself, demands reversal.

Defendant's next contention of error questions the sufficiency of the information. He makes reference to the charging part of the information which reads as follows:

"* * * by attempting to break open the outer door of said building and *entering* without the consent of said owner, * * *"

It is argued by defendant that this is ambiguous, because if defendant *entered* the building, the principal crime of Burglary was committed and defendant could not be guilty of an attempt.

■ This Court feels that in case of a re-trial; any reference to entering should be deleted from the information, so it would not have a double meaning.

There are other contentions of error that have some degree of merit, but can be corrected upon re-trial of the case, and it is not necessary to further encumber this opinion by a discussion of same.

In view of the foregoing, it shall be the order of this Court that the cause be reversed and remanded, with instructions that the District Court of Grady County remand the case back for a preliminary hearing in accordance with the statutes and law pertaining thereto.

BUSSEY and BRETT, JJ., concur.