STATE OF MINNESOTA *ex rel.* Rebecca Hamilton *vs.* M. MARVIN.

26  323
45  148

December 30, 1879.

**Justice of Peace—Place of Holding Court.**—The effect of Gen. St. *c.* 65, § 2, as amended by Laws 1868, *c.* 92, (Gen. St. 1878, *c.* 65, § 2,) is to require a justice of the peace to transact his judicial business in the town, city or ward for which he is elected, except that he may issue process in any place in his county, and may, in his discretion, for the convenience of parties, make any process issued by him returnable, and may hold any court which he is by law authorized to hold, at any place appointed by him in a town adjoining the town for which he is elected, or a ward adjoining the ward for which he is elected, as the case may be, provided the place so appointed is within his county.

Relator made complaint against one William Hamilton, before Jacob Story, a justice of the peace in and for the city of Winona in Winona county, charging him with assault and battery. A warrant issued, and Wm. Hamilton was arrested and brought before the justice, pleaded not guilty, and made the proper affidavit for a transfer of the case to another justice, whereupon the justice, on August 28, 1879, transferred the case to the respondent Marvin, a justice of the peace for the same county, in the township of Winona. The papers in the case were delivered to the respondent, on the same day, in the city of Winona; and he forthwith proceeded to try and determine the case in that city, and not at his office in the township of Winona. The defendant Wm. Hamilton appeared before him, and the case was tried and submitted, and at the close of the evidence the respondent discharged the prisoner, and two days afterwards entered judgment against the complainant (the present relator) for costs, and certified in his docket that the complaint was malicious and without probable cause, whereupon the relator sued out this writ of *certiorari.*

*Yale & Webber,* for relator.

*A. N. Bentley,* for respondent.

BERRY, J.　Gen. St. c. 65, § 2, as amended by Laws 1868, c. 92, (Gen. St. 1878, c. 65, § 2,) reads as follows: "Every justice of the peace shall keep his office in the town, city or ward for which he is elected, but he may issue process in any place in the county, and may, in his discretion, for the convenience of parties, make any process issued by him, either civil or criminal, returnable, and may hold his court, at any place appointed by him, in a town or ward adjoining the town or ward in which he resides, provided the place so appointed be within his county."

By what we deem to be the meaning of this section, a justice of the peace is required to transact his judicial business in the town, city or ward, as the case may be, for which he is elected, except that he may issue process in any place in his county, and may, in his discretion, for the convenience of parties, make any process issued by him, either civil or criminal, returnable, and may hold any court which he is by law authorized to hold, at any place appointed by him, in a town adjoining the town for which he is elected, or a ward adjoining the ward for which he is elected, as the case may be, provided the place so appointed is within his county.　If this construction is correct, it follows that the defendant, who was a justice of the peace of the town of Winona, had no authority to hold a court or render a judgment in the city of Winona—no more than he would have to do the same acts in the county of Wabasha.

The judgment against the relator is accordingly reversed.