THE BOARD OF COMM'RS OF MARION CO., *et al.*, v.
CHARLES BARKER, *et al.*

TAXES, *Invalid Levy of; Injunction Sustained.* B. and others, the owners of
real and personal property in Marion county, subject to taxation, having
paid all taxes due from them or charged against their lands for the year
1878, except certain pretended taxes purporting to have been levied for
county purposes, brought their action to restrain the collection of the
unpaid taxes, and alleged that the county tax was illegal and void, be-
cause there never was any levy of any taxes on the property, or any part
thereof, by the board of county commissioners of the county of Marion
for the year 1878, for county purposes, inside or within the limits of the
state. The defendants filed a demurrer containing the statutory grounds,
which was overruled, and they, electing to stand by the demurrer, were
perpetually enjoined from collecting the tax. *Held,* That the injunction
was rightfully granted. If the levy was made without the state, the
board acted without authority of law, and the order would be void, and
the tax illegally levied. If no levy was made, the county clerk had no
right to enter or extend the tax on the rolls of the books in the treas-
urer's office, and therefore the tax would be illegal.

*Error from Marion District Court.*

INJUNCTION brought by *Barker* and others, against the
*Board of Commissioners* and the treasurer of Marion county,
to restrain the collection of a certain tax. Judgment for
the plaintiffs, at the October Term, 1880, of the district
court. The defendants bring the case here. The opinion
states the facts.

*Frank Doster,* and *C. Reed,* for plaintiffs in error.
*Scott & Lynn,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The questions in this case arise upon a
demurrer to the sufficiency of the petition. It is alleged that
the plaintiffs are the owners of real property subject to taxa-
tion, and that they listed their personal property for taxation;
that they have paid all taxes due from them, or charged
against their lands, for the year 1878, except the taxes levied

for county purposes; that their lands are about to be sold for failure to pay said county taxes, and warrants for the collection of the county's portion of said personal property taxes are about to be issued and levied; that said county tax is illegal and void, because—

"There never was any levy of any taxes on said property, or any part thereof, by the board of county commissioners of the county of Marion, for the year 1878, for county purposes, inside or within the limits of the state of Kansas, and that the board of county commissioners of the county of Marion never met at any time within the limits of the state of Kansas, as a board of equalization for the year 1878, and never in any manner equalized, or attempted to equalize, the valuation of any of the property of plaintiffs herein described, within the limits of the state of Kansas; and that in truth and in fact the board of county commissioners of said county of Marion, during all the time fixed by law for the levy of taxes for county purposes, and for meeting and discharging the duties of a board of equalization, were absent from the state of Kansas, holding their offices in a foreign jurisdiction, to wit, in the state of Missouri, or hiding within the state of Kansas, at such places that these plaintiffs could not find them, and knew nothing as to where they were concealed."

The petition prays for a perpetual injunction, which was granted by the court upon the overruling of the demurrer; and for the overruling of the demurrer and granting of the injunction, the defendants bring the case up for review.

Sec. 253 of the code reads as follows:

"An injunction may be granted to enjoin the illegal levy of any tax, charge, or assessment, or the collection of any illegal tax, charge, or assessment, or any proceeding to enforce the same; and any number of persons whose property is affected by a tax or assessment so levied, may unite in the petition filed to obtain such injunction."

Under the allegations of the petition and the provisions of this statute, the inquiry arises, whether the taxes attempted to be collected in 1878, for county purposes of Marion county, were illegally levied?

Sec. 83, ch. 107, Comp. Laws 1879, provides that "the

county commissioners shall meet on the first Monday of August in each year, and shall estimate and determine the amount of money to be raised by tax for all county purposes, and all other taxes which they shall be required by law to levy." The statute provides for a county seat, a court house, and other accommodations for the transaction of county business, and directs that the board of county commissioners shall meet in regular session at the county seat of the county, to perform its duties as prescribed by law. Now, as the levy of the taxes in controversy was not made at the county seat of Marion county, or in Marion county, or even within the limits of the state, such levy was clearly irregular. This much is conceded. But counsel for plaintiffs in error contend that the levy was *merely* irregular, not *illegal*, within the strict sense of the statute. We think otherwise. The commissioners are officers of the county, and in the absence of express provision their powers do not go beyond the territorial limits of their county. (*Morrell v. Ingle*, 23 Kas. 32.) They clearly have no powers to levy taxes when beyond the limits of the state. They could not convene as a board at Kansas City, or St. Joseph, in Missouri, and apportion or order the levy of taxes in Kansas. Such an order would be void, and of no validity whatever. Such an order could not be made the foundation for entering or extending any tax on the rolls in the treasurer's office, and any pretended tax so placed upon the tax-rolls could not be legally enforced or collected. A void levy would be an illegal or unlawful levy, if the board of county commissioners levied the tax without the state. They acted without jurisdiction, whether we consider the levying of taxes as acting ministerially, judicially, or legislatively. The inferences from the petition are, that some order to levy taxes was made beyond the state; but if no levy was made at all, and the tax was extended upon the rolls by the county clerk, or any other person, the action was equally without authority of law, and the tax or pretended tax would be illegal. The court below committed no error in overruling the demurrer

to the petition, and enjoining the tax. (*Sloan v. Beebe*, 24 Kas. 343.)

The judgment of the district court will be affirmed.

All the Justices concurring.