## HORACE H. WILCOX v. JABIN JOHNSON, *et al.*

| 34 | 655 |
|----|-----|
| 41 | 299 |
| 41 | 534 |
| 34 | 655 |
| 45 | 204 |
| 45 | 478 |
| 34 | 655 |
| 65 | 703 |

1. DISEASED CATTLE; *Replevin; Trover; Practice.* Proceedings had under the statute relating to wild, undomesticated and diseased cattle, (Laws of 1881, ch. 161,) by a justice of the peace, inspectors and the sheriff, are not conclusive against the owner of the cattle seized under that statute, but the owner may, in an action of replevin, or in an action in the nature of trover, show that such cattle were not wild, undomesticated, or diseased, within the meaning of the statute.

2. ———— *Jurisdiction of Justice.* Under said statute the justice of the peace can act only within his own township, and if he should go outside of his own township and there act, his proceedings would be void.

*Error from Chase District Court.*

ACTION brought by *Wilcox* against *Johnson* and others, to recover $1,500, the alleged value of fifty-nine head of cattle belonging to the plaintiff, and alleged to have been by the defendants converted to their own use. Trial at the April Term,

1884, and judgment for defendants. The plaintiff brings the case here. The material facts are stated in the opinion.

*Bowman & Bucher,* and *Waters & Ensminger,* for plaintiff in error.

*F. P. Cochran, C. N. Sterry,* and *Scott & Lynn,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of trover, brought in the district court of Chase county, by Horace H. Wilcox against Jabin Johnson and others, to recover $1,500, the alleged value of fifty-nine head of cattle belonging to the plaintiff, and alleged to have been converted by the defendants to their own use. The case was tried before the court and a jury, and the court excluded some of the evidence of the plaintiff and sustained a demurrer to the remainder, and rendered judgment in favor of the defendants and against the plaintiff for costs; and the plaintiff, as plaintiff in error, now brings the case to this court.

The facts of the case, as shown by the pleadings and evidence, are substantially as follows: On July 23, 1881, Wilcox owned the cattle aforesaid, and was then keeping them on his own farm in Cottonwood township, Chase county. On that day a complaint was made under § 3, chapter 161, Laws of 1881, to Johnson, who was then sheriff of the county, that the said cattle were wild and undomesticated, and were infected or diseased with what is commonly known as Texas, splenic or Spanish fever. On the same day the sheriff gave a verbal notice of such complaint to A. B. Wagoner, a justice of the peace of Falls township, in said county. On the next day, which was Sunday, July 24, 1881, Johnson and the justice went to the place where the plaintiff was keeping his cattle, which was about twenty miles from where the justice held his office, and outside of the justice's own township, and there the justice summoned three resident citizens of Chase county before him as inspectors, and administered to them the oath required by

statute, and the inspectors then inspected the cattle and reported that they found the condition of the cattle to be such as to endanger the health of the other cattle in that vicinity from the contagion of Texas, splenic or Spanish fever; and thereupon the justice issued his order to Johnson, commanding him as sheriff to take charge of such cattle and to keep them under his control and in his custody until the first day of November, 1881, and to do and perform such other acts with regard to the cattle as should be required by law; and the sheriff then took charge of the cattle, and from that time on retained them in his possession, though he kept them on the plaintiff's own farm. The plaintiff demanded the possession of the cattle from the sheriff, but he refused to surrender them to the plaintiff, and on October 11, 1881, the plaintiff commenced this action for their value. After the commencement of this action the sheriff sold the cattle, and after paying the expenses incident to their seizure, inspection and retention, paid the remainder of the proceeds of the sale into the county treasury. The cattle were worth about $1,300. The plaintiff also introduced evidence tending to show that the cattle were not wild or undomesticated, and were not infected or diseased with what is commonly known as Texas, splenic or Spanish fever, and were not liable to communicate any disease to other cattle. As before stated, the court excluded some of the plaintiff's evidence and sustained a demurrer to the remainder, and then rendered judgment in favor of the defendants and against the plaintiff for costs. The trial was had and judgment rendered on April 7, 1884. A motion for a new trial was made, and overruled on the same day.

The plaintiff claims that the judgment of the district court is erroneous and should be reversed, for the following reasons: *First*, the justice could not legally act outside of his own township; *second*, the justice could not legally act on Sunday; *third*, the order of the justice was not conclusive that the cattle were wild, undomesticated, or affected with any contagious or infectious disease; *fourth*, the act under which all the proceedings of the justice of the peace, the inspectors and the

sheriff, were had, is unconstitutional and void.   The defendants in error, however, raise the following preliminary question : They claim that even if it were admitted that all that is claimed by the plaintiff were true, except that the statute under which the proceedings were had is void, still the plaintiff cannot maintain an action in the nature of trover, but can at most maintain only an action of replevin.   Now, assuming that the statute with regard to wild, undomesticated and diseased cattle, (Laws of 1881, ch. 161,) is valid, we think the plaintiff has a right to maintain either an action of replevin or an action in the nature of trover for the value of his cattle, as he chooses; provided, of course, that the cattle are not that kind of wild, undomesticated or diseased cattle which the statute is designed to guard against; or provided that the proceedings had by the justice, sheriff and inspectors were so irregular as to be void. It has already been held that such proceedings under the foregoing statute are not conclusive as against the owner of the cattle, and that he may show in an action of replevin for the recovery of the cattle that they were not that kind of cattle which the statute was designed to guard against. (*Verner* v. *Bosworth,* 28 Kas. 670.)   And it is even admitted by counsel for defendants in error that such proceedings are not conclusive in an action of replevin, but it is nevertheless claimed by them that such proceedings are conclusive in an action in the nature of trover.   Now why such a distinction should be made, we cannot understand.   Trespass *de bonis asportatis,* trover, detinue and replevin are analogous in their governing principles, (Wells on Replevin, § 44, *et seq.,* notes, and cases there cited ;) and so long as the wrongdoer has the possession of the property in question, the two actions of replevin and trover are concurrent remedies.   The owner of the property has his election to sue the wrongdoer either in replevin for the recovery of the specific property, or to sue him in trover for the value thereof; and the facts which will sustain the former will sustain the latter.   This virtually disposes of this case, and will require that the case be remanded

1. Diseased cattle; replevin; trover; practice.

for a new trial; for the court below in effect decided that the proceedings of the justice, the sheriff and the inspectors were conclusive; and although the plaintiff introduced an abundance of evidence tending to show that his cattle were not wild, undomesticated or diseased, or liable to communicate any disease to other cattle, yet the court below in effect held that this evidence was incompetent, took the case from the jury, sustained a demurrer to the plaintiff's evidence, and rendered judgment against the plaintiff for costs. As the case must go back for a new trial, it would perhaps be proper for us to go farther, and state that we would think that the entire proceedings of the justice of the peace are void, for the reason that all his acts were performed while he was outside of his own township, outside of the township in which he held or had a right to hold his office. (*Phillips v. Thralls,* 26 Kas. 780.) And we think the proceedings of the justice are void whether they are judicial in their character, *quasi* judicial, or merely ministerial. The statute does not purport to give the justice any power to act outside of his township. It is true, that it provides that the sheriff shall give notice "to any justice of the peace of his county," (§ 4 of the act,) but that of course means that the sheriff shall give notice to the justice of the peace at his office, or at farthest within his township; and then the statute provides that the justice shall appoint inspectors, that the inspectors shall appear before him, that the justice shall administer to them an oath in writing, and when the inspectors have examined the cattle and reported to the justice he shall make an order, etc.; but the statute of course means that the justice shall within his own township appoint such inspectors, who may reside anywhere within the county; that they shall appear before him in his own township and there take the prescribed oath; that when they have examined the cattle they shall report to him in his own township, and that he shall then and there make the order prescribed by the statute. It does not mean that one justice of the peace may wander into the jurisdiction of another

*2. Justice acting without jurisdiction.*

justice of the peace, and there exercise the functions conferred upon justices of the peace. Section 8 of the act applies to criminal cases only, and does not apply to this case. But we would not construe that section as giving power to a justice of the peace to go outside of his own township to hold his court in criminal cases.

It is entirely unnecessary to express any opinion with regard to whether the proceedings of the justice, the sheriff and the inspectors are also void because they were had on Sunday.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.