## FARMERS' STATE BANK OF INGERSOLL v. WILSON et al.

### No. 2135. Opinion Filed October 15, 1912.

#### (127 Pac. 395.)

**SHERIFFS AND CONSTABLES—Authority of Sheriff—Territorial Jurisdiction—Change of County—Execution Sales.** On May 20, 1907, the district court of Woods county entered a judgment foreclosing a real estate mortgage on certain town lots in the city of Cherokee, then a part of Woods county. Statehood came on November 16, 1907, and, by the terms of the Constitution, a part of Woods county in which these town lots were located was formed into a new county, known as Alfalfa county. On November 22, 1907, the clerk of the district court of Woods county issued an order of sale, and directed the same to the sheriff of Woods county, commanding him to levy on and sell the town lots mentioned in the aforesaid judgment, which the sheriff proceeded to do, and executed a deed thereto to plaintiff in error, who brings suit for possession. **Held,** that the sheriff had no

power or authority to sell real estate in a county other than his own, and that the deed executed by him under the order of sale was void.

(Syllabus by Robertson, C.)

*Error from District Court, Alfalfa County;*
*M. C. Garber, Judge.*

Action in ejectment by the Farmers' State Bank of Ingersoll against C. L. Wilson and Ella D. Wilson. Judgment for defendants, and plaintiff brings error. Affirmed. ·

*H. A. Noah,* for plaintiff in error.

*Parker & Simons* and *Titus & Carpenter,* for defendants in error.

Opinion by ROBERTSON, C.   On May 20, 1907, in the district court of Woods county, a judgment in foreclosure was regularly entered in favor of plaintiff in error and against defendants in error.   The real estate involved in the action was situated in ، the city of Cherokee, and in that part of Woods county which became Alfalfa county on November 16, 1907, the day Oklahoma was admitted to statehood.   On November 22, 1907, five days after statehood, the clerk of Woods county issued an order of sale on the said judgment, and directed and delivered the same to the sheriff of Woods county for service and return.   The sheriff of Woods county advertised the sale of said real estate in a newspaper published in Woods county, and on January 11, 1908, sold said property to the plaintiff in error at the courthouse door in the city of Alva, in said Woods county.   Due return of the sale was made by the sheriff, and on January 18, 1908, the sale was confirmed by the district court of Woods county, and on January 30, 1908, a sheriff's deed was executed and delivered to the purchaser.   This deed constitutes the only title of plaintiff in error to the property in controversy, and on its face discloses the facts above set forth.   The plaintiff in the trial below offered the deed in evidence.   The defendants objected to the consideration of the deed, for that the same was void on its face.   The court sustained the objection to the deed and rendered judgment against the plaintiff.

The following questions present themselves for our consideration: First. Did the clerk of the district court of Woods county have the right and authority to issue an order of sale on said judgment on November 22, 1908, and direct it to the sheriff of Woods county for service and return? Second. Did the sheriff of Woods county have the right or jurisdiction to execute said writ by advertising the sale in the Woods county newspapers, and sell the real estate, then situated in Alfalfa county, at the courthouse door ·at Alva, in Woods county? Both questions must be answered in the negative.

Plaintiff in error cites and relies ·upon sections 1 and 9 of the Schedule of the state Constitution as warranting the sale as consummated; but he has evidently overlooked section 2 of the Schedule, which reads as follows:

"Section 2.   Oklahoma Laws in Force.   All laws in force in the territory of Oklahoma at the time of the admission of the state into the Union, which are not repugnant to this Constitution, and which are not locally inapplicable, shall be extended to and remain in force in the state of Oklahoma until they expire by their own limitation or are altered or repealed by law."

An examination of the statutes of the territory of Oklahoma in force at the time of statehood, and which were not repugnant to the Constitution nor locally inapplicable, proves conclusively that the procedure followed in this sale was not only erroneous, but that the deed executed by the sheriff under and by virtue of the pretended sale is absolutely void.

Section 5965, Comp. Laws 1909, reads as follows:

"Executions shall be deemed process of the court, and shall be issued by the clerk, and directed to the sheriff of the county. They may be directed to different counties at the same time."

While other sections applicable are:

"Section 5987.   All sales of lands or tenements under execution shall be held at the courthouse in the county in which such lands or tenements are situated.   No sheriff or other officer making the sale of property, either personal or real, nor any appraiser of such property, shall, either directly or indirectly, purchase the same; and every purchase so made shall be considered fraudulent and void."

"Section 5982.   Lands and tenements taken on execution shall not be sold until the officer cause public notice of the time

and place of sale to be given, at least thirty days before the day of sale, by advertisement in some newspaper printed in the county, or, in case no newspaper be printed in the county, in some newspaper in general circulation therein, and by putting up an advertisement upon the courthouse door, and in five other public places in the county, two of which shall be in the township where such lands and tenements lie. All sales made without such advertisement shall be set aside, on motion, by the court to which the execution is returnable."

"Section 5921. * * * When the same mortgage embraces separate tracts of land situated in two or more counties, the sheriff of each county shall make sale of the lands situated in the county of which he is sheriff. * * *"

"Section 6001. When execution shall be issued in any county in this state, and directed to the sheriff or coroner of another county, it shall be lawful for such sheriff or coroner having the execution, after having discharged all the duties required of him by law, to inclose such execution, by mail, to the clerk of the court who issued the same. On proof being made by such sheriff or coroner that the execution was mailed soon enough to have reached the office where it was issued within the time prescribed by law, the sheriff or coroner shall not be liable for any amercement or penalty if it do not reach the office in due time."

"Section 6000. When an execution is issued to the sheriff of any county other than that in which the judgment was rendered, the sheriff, after indorsing the date of its reception thereon, shall deliver the same to the clerk of the district court of his county, who shall thereupon enter the same in the execution docket in the same manner as if it had issued from the court of which he is clerk; and before the sheriff shall return any such writ, he shall cause his return to be entered in like manner."

"Section 5994. The sheriff or other officer to whom any writ of execution shall be directed shall return such writ to the court to which the same is returnable within sixty days from the date thereof."

These statutes provide ample and adequate means for enforcing judgment of record in any of the counties of the state. The rights of plaintiff in error were preserved by the Schedule; but no new rights were created, and no new powers were conferred upon the sheriff. The sheriff is an officer of the county, which office was created by the Constitution, with certain powers and duties, clearly defined by law; and he has no power or juris-

diction to sell real estate under foreclosure proceedings in any other than his own county. See *Morrell v. Ingle,* 23 Kan. 32; *County of Marion v. Barker,* 25 Kan. 260.

Plaintiff in error pursued the wrong remedy. It had the right to have its judgment enforced, in accordance with the terms of the statutes hereinbefore cited, by having the execution or order of sale directed to the sheriff of the county in which the land was located. The sheriff of Woods county could not sell real estate located in Alfalfa county. Any act on his part to do so was clearly beyond his power and jurisdiction, and the deed executed by him by virtue of such sale is a mere nullity.

It therefore follows that the judgment of the district court of Alfalfa county is correct, and should be affirmed.

By the Court: It is so ordered.