## HART v. GROVE.

No. 8772—Opinion Filed Oct. 14, 1919.

(Syllabus by the Court.)

### 1. Justices of the Peace—Jurisdiction—Acts Outside District.

A justice of the peace being a township officer under the Constitution and laws of this state, he can perform his official acts only in his own township.

### 2. Same—Appeal—Authentication of Record.

The act of the justice of the peace in signing and authenticating the record herein while residing in a sister state, was void.

### 3. Same—Jurisdiction on Appeal.

Proceedings in the appellate court are based upon the justice of the peace transcript, without which it has no jurisdiction of the subject-matter.

Error from District Court, Payne County; James B. Cullison, Assigned Judge.

Appeal by D. H. Hart to the district court from a judgment of justice court in favor of H. E. Grove. From judgment dismissing the appeal, Hart brings error. Affirmed.

Geo. E. Bingham, John P. Hickam, and McNeill & McNeill, for plaintiff in error.

Biddison & Gore, for defendant in error.

KANE, J. This is an appeal from the action of the district court of Payne county in dismissing an appeal from a judgment of a justice of the peace. One of the grounds upon which the appeal was dismissed by the district court arose as follows:

It seems that after the judgment was rendered in the justice court and before a transcript of the record was made up and authenticated, the justice of the peace became ill and was removed to the Soldiers' Home at Leavenworth, Kansas, where the transcript was finally signed and authenticated by him.

It is the contention of counsel for defendant in error that a justice of the peace being a township officer under the Constitution and laws of this state, he can perform his official acts only in his own township; that the act of the justice of the peace in signing and authenticating the record herein was void, and there being no transcript before the district court, it properly dismissed the appeal on that ground.

We think this contention is well taken. In Leiber v. Argaubright, 25 Okla. 177, 105 Pac. 341, it was held that a justice of the peace is a township officer, under the Constitution, and cannot be a county or state officer. It is true that justices of the peace are, in a sense, justices of the peace in their respective counties, and also in the state. It is true that a justice of the peace may, in his own township, perform the duties of an examining magistrate in cases or hear cases arising in any part of his county; it is also true that he may, within his own township, issue criminal process to be served in any part of the state; but it does not follow from these powers given that he may go into any part of the county or any part of the state and perform official acts. He can perform his official acts only in his own township.

The action of the justice of the peace being void, the motion to dismiss the appeal was properly sustained under the general rule which is stated in 24 Cyc. 708 as follows:

"Proceedings in the appellate court are based upon the justice of the peace transcript, without which it has no jurisdiction of the subject-matter. The contents of the transcript on appeal are prescribed by statute and usually consist of a certified copy of the record of the proceedings before the justice of the peace and all the original papers and process and the original appeal bond."

This ground for dismissing the appeal being well taken, it is unnecessary to notice the other grounds.

For the reasons stated, the judgment of the court below is affirmed.

OWEN, C. J., and SHARP, HARRISON, JOHNSON, and PITCHFORD, JJ., concur. McNEILL, J., disqualified, not participating.