E. W. STEIN, Plaintiff and Respondent, v. ·ARTHUR CAVEN and J. E. Strong, Copartners as Caven & Strong, Defendants and Appellants.

(213 N. W. 481.)

**Justices of the peace — township officers — jurisdiction within township.**
1. Under § 4163, Comp. Laws 1913, township justices of the peace have jurisdiction in their respective counties; but § 9003, Comp. Laws 1913, also, requires each township justice of the peace to keep an office and hold his court, at a place by him selected, which must be within the township in which he may have been elected or appointed. Township justices of the peace are township officers and they must perform all judicial acts within the township in which they were elected.

**Justices of the peace — objection to jurisdiction — holding court outside his township.**
2. On a change of venue, this case was sent to a township justice of the peace, but before the order of transfer was signed it was agreed between the parties, and placed in the record by the justice of the peace that the case might be sent to a township justice of the peace and that he might hold his court in a village outside of his township. On the day set for trial said township justice of the peace appeared in said village to hold court. The defendant appeared specially and objected to the jurisdiction of the court. Held that the court was without jurisdiction and the objection should have been sustained and the case dismissed.

Opinion filed March 15, 1927.   Rehearing denied May 7, 1927.

Justices of the Peace, 35 C. J. § 3 p. 450 n. 24; § 57 p. 488 n. 27; § 134 p. 556 n. 31, 32; p. 557 n. 39, 41.

Appeal from the District Court of Barnes County, North Dakota, *Englert*, J.

Reversed.

*Ritchie & Ployhar,* for appellants.

"Where a justice of the peace goes outside the limits of his jurisdiction and undertakes to hold his court, he neither has jurisdiction of the subject matter nor the persons, and no waiver or agreement made before him outside of his jurisdiction can confer jurisdiction upon him." 16 R. C. L. 364.

"When the place for holding a justice's court is definitely fixed pursuant to law, such court cannot be held at any other place, and a judgment of a justice of the peace is void when it affirmatively appears that the court was held at a place where it could not legally sit." 16 R. C. L. 268. See Hilson v. Kitchens, 107 Ga. 230, 33 S. E. 71, — Am. St. Rep. 119.

*G. J. Clauson,* for respondent.

"Where the parties stipulate the justice may for convenience try a case outside of his own township, the justice does not loss jurisdiction by trying the case in such place." Rogers v. Loop, 51 Iowa, 41, 50 N. W. 224.

"A judgment of a justice of the peace, rendered after a trial of the action outside the territorial limits of his jurisdiction, is not void, where it appears that the trial and proceedings outside his territory were there had for convenience of the parties or with their consent." Holmes v. Igo, 110 Minn. 133, 124 N. W. 974.

"Where one chooses his forum in which his rights shall be determined or adjudicated, he cannot complain of lack of jurisdiction." Cofman v. Osterhous, 40 N. D. 390, 168 N. W. 826, 18 A.L.R. 219.

BURKE, J. This case was commenced in the justice court of Henry Helmers, justice of the peace of Barnes county, at Wimbledon, North Dakota, and on change of venue was transferred to J. F. Treitline, a justice of the peace of Uxbridge township, Barnes county, and on the day set for trial, all the parties appeared, and on motion of the plaintiff, the case was transferred to justice of the peace Anton Christ, a township justice of the peace, he being the next nearest justice.

At the time of the last change of venue all of the parties being present agreed and stipulated into the record the following, viz.:

"No objection to the change of venue by the defendant. Change of

venue granted to the next nearest justice. It was further agreed by the plaintiff, defendant, and garnishee, all parties to the above entitled action, that with the consent of the next nearest justice, to whom this case should be sent, the case should be tried at the office of G. J. Clauson in the village of Wimbledon, in said Barnes County, North Dakota, as the most convenient place for all concerned."

The record shows that when the case came on for trial before Justice Anton Christ, at Wimbledon, in accordance with the stipulation, that "the plaintiff appeared in person, and by his attorney G. J. Clauson." "The attorney for the plaintiff gave his complaint, and the attorney for the defendant made no reply." "The attorney for the defendant pleaded, that this court had no jurisdiction not being elected in this township or village."

The defendants' objection was overruled, and after hearing plaintiff's evidence, judgment was entered for the plaintiff, and the defendant appealed to the district court on the one question of law, viz., did the justice of the peace before whom the action was tried have jurisdiction to hear the case outside the township for which he was elected?

The district court in affirming the judgment held, that the justice of the peace had jurisdiction, and the defendants appeal to this court on the one question of law involving the jurisdiction of the justice of the peace who tried the case.

The stipulation to try the case before Justice Christ in the town of Wimbledon, was made before Justice Treitline, and between that date, and the date upon which the case was called for trial before Justice Christ, the defendant changed his mind, and his first, and only appearance before the trial justice, was a special appearance objecting to the jurisdiction of the court. That sort of practice is not to be commended, and if possible, the judgment ought to be affirmed. It is not possible, however, for since the decision in the case Re Evingson, 2 N. D. 184, 33 Am. St. Rep. 768, 49 N. W. 733, it is the settled law of this state that, "justices of the peace are required to perform all their judicial acts within the township, and county for which they were elected." This decision is a construction of § 6041 Comp. Laws 1887, being § 9003 Comp. Laws 1913, which requires justices of the peace to keep their offices and *hold their courts* at some place within such county

and township.  Citing State ex rel. Hamilton v. Marvin, 26 Minn. 323, 3 N. W. 991; Phillips v. Thralls, 26 Kan. 780.

In the Kansas case it was held, that neither the consent, nor the request of a defendant, can give to a justice of the peace jurisdiction to hold his court outside the limits of his township.  Morrell v. Ingle, 23 Kan. 32; Marion County v. Barker, 25 Kan. 258.

The law is well settled that a justice of the peace has only such jurisdiction as the law gives, and the decision in the Re Evingson Case, supra, is strengthened by § 9031, which provides that, "in case of sickness or other disability or necessary absence; a justice of the *same township* or county, may at his request attend in his behalf and thereupon is vested with the power for the time being of the justice before whom the summons was returnable."  This section is dealing with both county and township justices of the peace, and it is clear that if the action is before a township justice, a township justice of the same township must be called, for it says specifically that "another justice of the same township may be called, thus limiting the jurisdiction of the township justice to the territorial limits of his own township, and he cannot hold court away from the place selected by him in his township, except, when he is called by another justice in the same township to act when such other justice cannot act," and he is then presiding over not his own court, but the court of another justice of the peace.

Under § 9003 a justice of the peace is required to select the place in the township where he will hold his court, and he must hold his court at that place so that the public will know where to go for redress, for his court, under § 9004, "is deemed to be always open."  It cannot be open, if he is away holding court outside of his township and if it is open at his home office it cannot be open outside of his township.

Under § 4087, Comp. Laws 1913, a township justice of the peace is a township officer.  He is elected by the electors of the township, and while under § 4163, Comp. Laws 1913, he has the same jurisdiction as a county justice, that is, process issuing from his court may be served anywhere in the county, and he has jurisdiction over the subject matter of an action arising anywhere in the county, so long as that jurisdiction is exercised within the territorial limits of his township.

Kentucky has practically the same statute.  The jurisdiction of a

justice of the peace in Kentucky is co-extensive with the county, but he cannot hold his court outside of his magisterial district. In the case of Wheeler v. Schulman, 165 Ky. 185, 176 S. W. 1017, it is held:

"The justice of the peace cannot hold a court and try and determine causes, at a point without his district by agreement of parties, as he would then be simply conducting an arbitration."

"A justice cannot try a civil cause, except in the court of his own district, held in his own district, except where he presides for another justice, and holds the court of such other justice, in the absence, or on account of the disqualification of such other justice, or in case of a special proceeding, where he is expressly authorized by statute."

In the case of Hart v. Grove, 76 Okla. 179, 184 Pac. 572, the court said:

"It is true that justices of the peace are, in a sense, justices of the peace in their respective counties, and also in the state. It is true that a justice of the peace may, in his own township, perform the duties of an examining magistrate in cases, or hear cases arising in any part of his county; it is also true that he may, within his own township, issue criminal process to be served in any part of the state; but it does not follow from these powers given that he may go into any part of the county or any part of the state and perform acts. He can perform his official acts only in his own township."

Section 134, 35 C. J. states the law as follows:

"A justice cannot act outside of territorial limits."

In the cases of Rogers v. Loop, 51 Iowa, 41, 50 N. W. 224; Holmes v. Igo, 110 Minn. 133, 124 N. W. 974; and Jones v. Church of the Holy Trinity, 15 Neb. 81, 17 N. W. 363; there were no objections to the trial outside of the territorial limits of the justice of the peace, all the parties appeared and the cases were tried without objection, but in the case at bar, the defendant made a special appearance, and objected to the jurisdiction of the justice on his very first opportunity, and on the overruling of his objection he withdrew and appealed, alleging the overruling of his objection as error.

We have been unable to find a single authority holding, that a township justice had jurisdiction to hold court outside of his township when timely objection was made.

On special appearance in the case of Oltman v. Yost, 62 Minn. 261,

64 N. W. 564, cited and relied on by respondent, the party making the application for a change of venue, later objected on the ground of the insufficiency of his own affidavit, and the court held, that it was simply an error to grant the change on an insufficient affidavit, and that while the plaintiff might have objected to the transfer, "the defendant having secured the change could not be heard to assert that his own affidavit was insufficient." In other words, the question was not jurisdictional, it was simply an error which might be waived.

The case of Re Evingson was decided August 20, 1891, more than thirty-five years ago. It has never been overruled. It is the law in this state supported by the great weight of authority, and it follows, that the judgment must be reversed and the case dismissed. It is so ordered.

BIRDZELL, Ch. J., and NUESSLE, CHRISTIANSON, and BURR, JJ., concur.