No. 27,812.

A. E. LINDHOLM, *Appellant*, v. O. L. RIFNER, *Appellee*.

(264 Pac. 1054.)

SYLLABUS BY THE COURT.

1. JUSTICES OF THE PEACE—*Territorial Extent of Jurisdiction.* The trial of an action by a justice of the peace outside of the township for which he was elected was beyond his jurisdiction, and his rulings as well as every judicial act and proceeding in that place were absolutely void.

2. SAME—*Consent of Parties as Affecting Jurisdiction.* Rule followed that the consent of parties does not give a justice of the peace jurisdiction to hold his court outside the limits of his township.

3. SAME—*Effect of Returning to Township to Enter Judgment.* The fact that after the trial, which included rulings on a demurrer and hearing of evidence, the justice of the peace entered judgment in his docket within his township did not give it validity.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed March 10, 1928. Reversed.

*Norman E. Hill,* of Salina, for the appellant.
*A. F. McCarty,* of Salina, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to set aside a judgment rendered by a justice of the peace in which the relief asked was denied.

The case was submitted upon an agreed statement of facts supplemented by some oral testimony. It appears that O. L. Rifner brought an action before a justice of the peace of Saline county against A. E. Lindholm, to recover upon a promissory note for $216. A change of venue was granted at the instance of Lindholm, and the

Justices of the Peace, 35 C. J. pp. 451 n. 30, 536 n. 74, 546 n. 99; 16 R. C. L. 363.

case was transferred to the justice court of D. A. Van Trine, a duly elected and qualified justice of the peace of Greeley township in Saline county. An answer to the bill of particulars was filed by Lindholm. On the day set for the trial it was agreed by the parties that the hearing should be had in the city hall of Salina, a place outside of Greeley township, where that justice of the peace customarily held hearings of cases. When the parties appeared at the hearing the justice asked if both parties were willing to hold the hearing at the city hall, and both agreed that the hearing should be had at that place. When the hearing was had Rifner demurred to the answer of Lindholm and his demurrer was sustained. The only testimony offered before the justice of the peace was the presentation to the court of the note, the signature of which had been admitted by Lindholm. Later judgment was rendered by the justice of the peace, in his township, in favor of Rifner for the sum of $216, with interest.

It appears that the demurrer was sustained at the city hall outside of Greeley township and judgment was finally entered the following day in Greeley township at the home of the justice of the peace. It was shown that the justice of the peace announced after the demurrer was sustained and the note was produced that that probably settled the case, and that he would render his decision at his home in Greeley township, where his docket was kept, within a few days. His practice was to hear cases in Salina where he had a private office, either in his office or at the city hall, that the cases were taken under advisement and the judgment rendered later at his home in Greeley township.

When the present action for the cancellation of the judgment was brought the jury was called to try the case. The court instructed the jury upon the agreed facts and evidence that if they found that the judgment was entered in the city of Salina the judgment would be void, but if it was rendered and entered in Greeley township, for which the justice of the peace was elected, it would be in full force and effect. The jury in answer to a question found that the judgment was rendered and entered in Greeley township, and thereupon the district court rendered judgment in favor of the defendant. Plaintiff appeals.

The question involved in this action is, Can a justice of the peace try a case outside of his township upon the consent of the parties,

and after the trial there return to his township and enter a valid judgment based on the trial and proceedings had outside of the township? It is well settled that a justice of the peace has no authority to hold court and try cases outside of the limits of the township for which he was elected. He is a judicial officer under the constitution and cannot act judiciously outside of his jurisdiction, and where he assumes to exercise judicial powers beyond his township his proceedings are absolutely void. (*Phillips v. Thralls*, 26 Kan. 780; *Wilcox v. Johnson*, 34 Kan. 655, 9 Pac. 610; *A. T. & S. F. Rld. Co. v. Rice*, 36 Kan. 593, 14 Pac. 229.) All the essential steps of a trial were had in Salina, outside of Greeley township. There a demurrer to defendant's answering bill of particulars was sustained, which was a practical determination that the defense made by the defendant was without merit and that plaintiff was entitled to judgment for the amount of the note. The note was then presented to the justice of the peace, who announced "that probably settles this case." He made formal entry of judgment in his township on the following day, but that did not give validity to the judgment. All the steps taken during the trial, including rulings made and testimony received, were absolute nullities and could not be the basis of a judgment. The one entered had no more validity than if the justice of the peace had arbitrarily entered a judgment without pleadings, proof, trial or opportunity to defend. It is true that consent was given to try the case in Salina; but consent did not give the justice of the peace jurisdiction. Consent would give jurisdiction over the person, but would not give jurisdiction of the subject matter. In the Phillips case it was decided:

"Neither the consent nor the request of a defendant can give to a justice of the peace jurisdiction to hold his court outside the limits of his township." (Syl. ¶ 2.)

It is insisted that error was not prejudicial to Lindholm, and that irregularities of a justice of the peace should not be allowed to vitiate a just judgment; but as we have seen, the defect is more than an irregularity. It is a lack of jurisdiction which cannot be conferred upon a court by the consent of parties. There was an absence of jurisdiction to try the case at all, and its rulings were without effect. The formal entry of judgment after the justice of the peace returned to his township did not give it vitality. It follows that the judgment of the district court must be reversed and the cause remanded with directions to enter judgment for plaintiff.