434

No. 29,751.

O. L. Rifner, *Appellee,* v. A. E. Lindholm, *Appellant.*

(295 Pac. 670.)

Opinion filed February 7, 1931.

*David Ritchie,* of Salina, for the appellant.

*A. F. McCarty,* of Salina, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This is an appeal from a decision overruling a demurrer to the petition of plaintiff, the demurrer being on the ground that the petition did not state a cause of action against defendant, and that if any cause of action ever existed against defendant it was barred by the statute of limitations.

The averments of the petition are, in substance, that on May 19, 1921, defendant A. E. Lindholm executed a promissory note payable to the Peoples State Bank on September 1, 1921, with interest at eight per cent per annum, and that when it was due it was presented to the defendant for payment, but that he refused to make payment. It was further alleged that for a valuable consideration

the note was assigned and delivered to the plaintiff, O. L. Rifner, who is now and ever since has been the owner and holder of it, and that his demands for payment had been refused by defendant. The plaintiff then proceeded and alleged that he brought an action upon the note on April 7, 1923, before D. L. Wight, a justice of the peace of the city of Salina, in Saline county, and that defendant obtained a change of venue to D. A. Van Trine, a justice of the peace of Greeley township, Saline county, who held a trial of the action outside of his township and rendered judgment for plaintiff which was certified to the district court in June, 1923. Later that the defendant challenged the validity of the judgment and asked that it be set aside because the case was tried outside of his township. In due course an adverse judgment of the district court was brought to the supreme court, and on that appeal the judgment was held to be void because the trial of the case was held outside the jurisdiction of the justice of the peace. (*Lindholm v. Rifner*, 125 Kan. 428, 264 Pac. 1054.) Plaintiff alleged that the setting aside of the judgment of the justice of the peace was a failure by the plaintiff otherwise than upon the merits, and entitled him to bring a new action within one year from the rendering of judgment by the supreme court. It was also alleged that certain collateral had been given by defendant with the note, but that it was at all times worthless, and plaintiff tendered it into court. On December 9, 1929, plaintiff filed a supplemental petition and added that the statute of limitations had run on the former action during the pendency of the action in justice court. He also alleged that Van Trine, formerly a justice of the peace of Greeley township, has not been succeeded in office by any other person; that the office of justice of the peace for the township has remained vacant ever since the expiration of Van Trine's term of office; that Van Trine has never delivered his docket to any other justice of the peace of the county of Saline, as being the nearest justice of the peace in the county; and that no person since the expiration of Van Trine's term of office has been elected as justice of the peace for the township who has qualified or accepted the office; and by reason of these facts there is now, and since the expiration of Van Trine's term there has been, no justice court existing in Greeley township. The demurrer of defendant was leveled at the original and supplemental petition with the contention that together they did not state a cause of action and that the cause of action on the note was barred.

Defendant contends that the note falls within the five-year statute of limitations and that as no payments were made upon it and no written acknowledgments of liability thereon made, an action thereon cannot now be maintained. The plaintiff is contending that he commenced an action on the note in due time, that he failed otherwise than upon the merits, and that he was entitled to bring a new action within one year after the failure. The statute upon which plaintiff bases his claim reads:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same has expired, the plaintiff, or, if he die, and the cause of action survive, his representatives may commence a new action within one year after the reversal or failure." (R. S. 60-311.)

Is the statute quoted applicable to the action in question? Under plaintiff's petition the suit brought before the justice of the peace involved a valid right of action and was commenced within due time. The case proceeded to a form of a judgment rendered by a justice of the peace having no jurisdiction and which determined nothing. The invalidity was not that the action was wrongly brought before the justice, nor that due service had not been obtained upon defendants, but it was that the proceedings had after the action was rightly brought were void. Defendant was brought into the court by due service, and there is no ground for contending that the action was not originally brought within due time. Did it fail otherwise than upon the merits? A form of trial was gone through before the justice of the peace and he entered a judgment which was in fact a dead letter, and the proceedings then taken were without any validity because the justice acted outside of his jurisdiction. Nothing done by the justice during that trial was of any effect and the judgment rendered was of no more force than if it had been rendered by the board of county commissioners. It was utterly void and was in no sense a decision on the merits. It would be hard to conceive of a case in which there had been a more complete failure of plaintiff's action, otherwise than upon the merits.

There is a contention that the action ended and the failure occurred when the void judgment was entered in 1923, and that as the new action was not brought within one year from that time it could not be maintained. The judgment then entered could not be regarded as a failure until the litigation resulted in the decision by this court

on March 10, 1928, that the proceedings and judgment were void, and that the merits of the action had not been determined.

Upon the theory that the failure, if any occurred, was when the void judgment was rendered in 1923, it is contended that the statute of limitations had not run on the note in 1923, and for that reason the statute invoked by plaintiff is not applicable. The statute involved provides that the right to bring the action depends upon the fact that the general limitation has run upon the cause of action originally begun, and that if it has not run at the time of the failure, otherwise than upon the merits, the provisions of the section do not apply. (*Denton v. Atchison*, 76 Kan. 89, 90 Pac. 764; *O'Neil v. Eppler*, 99 Kan. 493, 162 Pac. 311; *Jackson v. Oil & Gas Co.*, 115 Kan. 386, 222 Pac. 1114.) The suit brought by plaintiff was still pending and undetermined when the failure occurred in 1928, and it is alleged that the statute had run on the original action during the pendency of the same in the justice court. So it appears that the five-year statute of limitations had run at the time of the failure. Of course, plaintiff had been contending that the judgment rendered by the justice of the peace was valid and was a decision upon the merits, but in that respect he was in error, as neither the merits nor anything else determined by the justice when he was out of his township was of any force or effect. It appears that since the void decision there has been no justice in the township qualified to try the case. Under the circumstances stated in plaintiff's petition it must be held that the failure occurred in 1928, and that the defendant was entitled to bring the new action within one year after that time. It has been held that "The statute is remedial and should be liberally construed with a view of carrying into effect the purpose of the legislation." (*Denton v. Atchison*, supra.) In that view we think the petition stated a cause of action. It may be added that it was not necessary to bring the new action in the same court in which the original was commenced. It has been determined that it could be begun in any court having jurisdiction of the cause of action pleaded. (*Parker v. Dobson*, 78 Kan. 62, 96 Pac. 472; *Behen v. Street Railway Co.*, 85 Kan. 491, 118 Pac. 73.)

The judgment overruling the demurrer to plaintiff's petition is affirmed.