Claude A. PIPKIN, Petitioner,

v.

DISTRICT COURT OF COTTON COUNTY,
Oklahoma, Respondent.

No. 37720.

Supreme Court of Oklahoma.

Dec. 4, 1957.

Rehearing Denied Feb. 4, 1958.

Pierce, Mock & Duncan, Oklahoma City, for petitioner.

Hanson & Green, Oklahoma City, by Jack A. Swidensky, Oklahoma City, for respondent.

DAVISON, Justice.

This is an original proceeding in this court, filed by Claude A. Pipkin, as petitioner, against the District Court of Cotton County, Oklahoma, as respondent, wherein the petitioner seeks the issuance of a writ prohibiting the respondent from proceeding further in an action which had been theretofore filed therein by Doris Nadine Pecenka, as plaintiff against the petitioner here, as defendant. The parties will be referred to as plaintiff and defendant, as they were designated in the primary action.

The action filed in Cotton County was one wherein the plaintiff sought to recover for damages suffered as a result of an automobile wreck which occurred on the highway in said county. The defendant was a non-resident of this state. Upon filing her petition, the plaintiff sought service of summons upon the defendant under the provisions of 47 O.S.1951 § 391 et seq. Compliance with numerous provisions of the act are here questioned but we need consider only one, that is Sec. 394, which provides for the initial and primary step in perfecting the service of process in such manner. The first provision of that statute is as follows:

"(a) by serving a copy of said original summons or notice of suit with said Secretary of State, together with a fee of two dollars ($2.00), and"

In the primary case under consideration in this proceeding, the plaintiff filed her petition and, at the same time, filed a praecipe for summons, requesting the court clerk to "issue a summons in the above entitled cause, directed to the Sheriff of Cotton County, against the defendant, to-wit: Claude Adrian Pipkin (serve Secretary of State, State of Oklahoma) etc." On the same day and in conformity therewith, the court clerk issued a summons which was directed:

"The State of Oklahoma to the Sheriff of Cotton County in said State Greetings:

"You are hereby commanded to notify the defendant, Claude Adrian Pipkin, by service of the Secretary of State of the State of Oklahoma, State Capitol, Oklahoma City, Oklahoma, that he has been sued etc."

■ The summons was served on the Secretary of State by the Sheriff of Oklahoma County and return thereof made by him. Thereafter, the plaintiff attempted to comply with the requirements of sections 394(b) and 397 of Title 47 O.S.1951. We need not detail what further steps were taken because plaintiff's failure to comply with subsection (a) of said section 394, su-

pra, destroyed any effectiveness of attempts to comply with the requirements of subsection (b), the same being prerequisite thereto. In the case of Hicks v. Hamilton, Okl., 283 P.2d 1115 we held that jurisdiction over the person of a non-resident motorist was dependent upon strict compliance with these statutory requirements that would include valid service of summons upon the Secretary of State by a person authorized to make it.

■ The persons authorized to make service of summons are specifically designated by 12 O.S.1951 § 158 and, other than certain exceptions not here applicable, the summons "shall be served by the officer to whom it is directed." We have not heretofore considered a situation where, as here, a summons, directed to the sheriff of one county, is served in another county by the sheriff thereof. In the case of Channell v. Jones, 184 Okl. 644, 89 P.2d 769, we held that a summons or a notice of application for tax deed could only be served, under the provisions of 12 O.S.1951 §§ 153 and 158, by the sheriff or a responsible citizen of the county duly appointed by the officer *to whom the summons is directed.* In the case of Farmers' State Bank of Ingersoll v. Wilson, 34 Okl. 755, 127 P. 395, we pointed out that the authority of a sheriff is limited to the boundaries of his county and he has no authority to levy an execution in any other county.

■ The authority to levy an execution and the authority to serve a summons rest upon practically the same foundation. Statutory authorization of service in either situation varies little. In the case of Merchants Credit Service v. Chouteau County Bank, 112 Mont. 229, 114 P.2d 1074, a plaintiff, after judgment, had an execution or garnishment summons issued which was directed to the sheriff of the county where judgment was rendered. It was sent to the sheriff of an adjoining county who served it on a bank in his county. The garnishee made a return that it had no property of the defendant in its possession although it did have several hundred dollars

on deposit belonging to defendant. A trial between the plaintiff and the bank resulted in judgment for the bank. The sole question considered on appeal was as to the validity of the service of the execution. In the body of the opinion, the court pointed out that,

"Under the writ involved here, the sheriff of Cascade county could have made a valid garnishment on property in that county, but in the hands of the sheriff of Chouteau county it was just another slip of paper. Service of process is provided for by statute. No statute can be found in our legislative acts that authorizes a sheriff to serve a writ of execution directed to the sheriff of another county. A sheriff's power to serve a writ is derived from a writ addressed to himself. Outside of his bailiwick a sheriff has no more power to serve process than a private citizen. The writ served on the defendant could be legally served only by the Sheriff of Cascade county, or his duly authorized deputy, and legal levy on property thereunder could be made only in Cascade county." 112 Mont. 229, 114 P.2d 1076–1077.

The reasoning and conclusion of the Montana Court are sound. Applying the same to the situation here, valid service of summons was not had on the Secretary of State as service agent of the defendant under the above cited non-resident motorist statutes. No jurisdiction was obtained of the person of the defendant because of the lack of such service and his objections thereto should have been sustained.

The clerk is hereby directed to issue the writ prayed for herein by petitioner.

CORN, V. C. J., and HALLEY, JOHNSON, BLACKBIRD and CARLILE, JJ., concur.

WELCH, Ċ. J., and WILLIAMS and JACKSON, JJ., dissent.