

# The Attorney General of Texas

June 12, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512 682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable John W. La Grone
Hutchinson County Attorney
P. O. Box 985
Borger, Texas 79007

Opinion No. H- 1183

Re: Whether a justice of the peace may maintain his office in an adjoining precinct within the same city.

Dear Mr. La Grone:

You have requested our opinion regarding whether a justice of the peace may maintain his office in an adjoining precinct within the same city.

Prior to 1967, article 2377, V.T.C.S., was construed to permit one justice of the peace to perform the duties of another justice only within the boundaries of the former's precinct. Attorney General Opinion H-671 (1975); Stewart v. Smallwood, 102 S.W. 159 (Tex. Civ. App. 1907, no writ). In 1967, however, the Legislature enacted article 2393a, V.T.C.S., which authorizes a justice of the peace to

> hold court for any other justice whose precinct is in the same county; and the justices of a county may exchange benches whenever they deem it expedient.

In Attorney General Opinion H-671 (1975), we construed this statute to permit the substituting justice to "hold court in his own precinct or in the precinct of the second justice."

In our opinion, however, the Legislature, in enacting article 2393a, did not intend to authorize a justice of the peace to maintain his office outside his own precinct. As we recently observed in Attorney General Opinion H-1088 (1977), article 5, section 18 of the Texas Constitution requires that a justice of the peace "shall be elected" in each precinct. To permit a justice to maintain his office outside the precinct for which he was elected would thwart the clear purpose of the constitutional provision.

In addition, it is a well-established principle in virtually every jurisdiction that, unless a statute provides otherwise, a justice of the peace

may establish and maintain an office only in the political subdivision for which he is elected or appointed.  See, e.g., Lindholm v. Rifner, 264 P. 1054 (Kan. 1928); Stein v. Caven, 213 N.W. 481, 482 (N.D. 1927); Commonwealth ex rel. Hunter v. Smail, 85 A. 1088 (Pa. 1913); Altergott v. O'Connor, 6 S.W.2d 1012, 1013 (Mo. App. 1928); Newhill v. Hendricks, 205 P.2d 247, 249 (Utah 1949); Harrington v. State, 91 P.2d 787 (Okla. Crim. 1939).  While article 2393a empowers one justice of the peace to hold court for another within the latter's precinct, we do not believe it relieves him of the obligation to maintain his own office within his own precinct.  Accordingly, it is our opinion that a justice of the peace may not maintain his office in an adjoining precinct.

## SUMMARY

A justice of the peace may not maintain his office in an adjoining precinct.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn